DYKEMA GOSSETT LLP
Allan Gabriel (76477)
agabriel@dykema.com
Vivian I. Kim (272185)
Kim@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Attorneys for Defendants
The Michaels Companies, Inc.
and Michaels Stores, Inc.

Lewis Anten, P.C.
Lewis Anten (56459)
lewisanten@aol.com
Ivy Choderker (210612)
IvyChods@aol.com
16830 Ventura Blvd., Suite 236
Encino, CA 91436
Telephone: (818) 501-3535
Facsimile: (818) 501-4138
Attorneys for Defendant
Hobby Lobby Stores, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Crafty Production, Inc., a California corporation, and Crafty Productions, LLC, a California company, <br><br>　　　　　　　Plaintiffs, <br><br>vs. <br><br>Fuqing Sanxing Crafts, Co., Ltd., a China company, Tony Zhu, an Individual, MRF Associates, Inc., a Massachusetts corporation, Michelle Faherty, an Individual, The Michaels Companies, Inc., a Delaware corporation, Michaels Stores, Inc., a Delaware corporation, Plaid Enterprises, Inc., a Georgia corporation, Hobby Lobby, Inc., an Oklahoma corporation, Sbars, Inc., a New Jersey corporation, A.C. Moore Arts & Crafts, Inc., a New Jersey corporation, 99 Cents Only Stores, Inc., a California corporation, Dollar Tree, Inc., a Virginia corporation, Jo-Ann Stores, LLC, an Ohio company, Party City Holdings, Inc., a Delaware corporation, Party City Corporation, a Delaware corporation, ZheJiang HongYe Co., Ltd., a China company, Fuzhou Bomy Trading Co., Ltd., a China company, Fuzhou Great Suns Co., Ltd. , a China Company, Sunface Crafts Co., Ltd, a China company, <br><br>　　　　　　　Defendants. | Case No. 15CV0719 BAS JLB <br><br>**THE MICHAELS COMPANIES, INC., MICHAELS STORES, INC., AND HOBBY LOBBY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 8 & 12(B)(6) AND FOR A MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(E)** <br><br>**Hearing** <br>Date: October 5, 2015 <br>Courtroom: 4B <br>Judge: Hon. Cynthia Bashant <br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE** <br><br>**COURT** |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1     The Michaels Companies, Inc., Michaels Stores, Inc. (collectively "Michaels")

2 and Defendant Hobby Lobby, Inc.[1] ("Hobby Lobby") hereby submit the following

3 memorandum in support of their Motion to Dismiss and Motion for a More Definite

4 Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), and

5 would respectively show:

6 ## I.    <u>SUMMARY OF ARGUMENT</u>

7     The Complaint should be dismissed because it fails to provide Michaels and

8 Hobby Lobby fair notice of the claims asserted against them. On April 1, 2015,

9 Plaintiffs Crafty Productions, Inc. ("CPI") and Crafty Productions, LLC ("CPL")

10 (collectively, "Plaintiffs"), filed suit against Michaels and Hobby Lobby and 16 other

11 unrelated defendants for infringement of fifty one (51) copyrights, federal and state

12 trade dress infringement, intentional interference with prospective economic

13 advantage, and unfair competition laws. After reciting sixteen (16) pages of factual

14 allegations, the vast majority of which has nothing to do with Michaels or Hobby

15 Lobby, the Complaint sets forth eight (8) causes of action. For each of the five (5)

16 claims asserted against all defendants (including Michaels and Hobby Lobby), the

17 Complaint incorporates by reference all sixteen (16) pages of facts and then recites

18 the elements of each claim. Plaintiffs make no effort to distinguish which facts apply

19 to which defendant. Plaintiffs make no effort to identify which works Michaels or

20 Hobby Lobby allegedly infringed. Plaintiffs make no effort to identify their trade

21 dress. Plaintiffs make no effort to identify which prospective business Michaels or

22 Hobby Lobby interfered with or how. Plaintiffs make no effort to identify how

23 Michaels or Hobby Lobby is competing unfairly. The Complaint is merely an

24 impermissible "shotgun pleading" that fails to provide Michaels and Hobby Lobby

25 fair notice of the claims asserted against them and, for this reason alone, should be

26 dismissed. Plaintiffs' claims should also be dismissed for the following reasons:

---

27    [1] The Complaint names and refers to "Hobby Lobby, Inc." However, the

28 correct name of this defendant is "Hobby Lobby Stores, Inc."

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**Copyright Infringement (Claim for Relief 1):**

First, filing of a valid registration is a prerequisite to filing a suit for infringement. CPI's copyright "registrations" are invalid because it is not the owner of the works. Second, the Complaint fails to identify which of the fifty one (51) copyrights Michaels or Hobby Lobby allegedly infringed. Third, the Complaint fails to identify the constituent elements of its works that are "original" and allegedly copied by Michaels or Hobby Lobby. Fourth, Plaintiffs' prayer for statutory damages and attorneys' fees is barred because Plaintiffs failed to file any valid copyright registrations within three months after the first publication of the work.

**False Designation of Origin (Claims for Relief 2 & 3):**

First, Plaintiffs' trade dress claims must be dismissed because the Complaint does not identify the trade dress Michaels or Hobby Lobby allegedly infringed. Second, the trade dress claims must be dismissed because the Complaint fails to allege which products, if any, have acquired protectability.

**State-law claims (Claims for Relief 4 & 5):**

First, Plaintiffs' intentional interference with prospective economic advantage and unfair competition claims are preempted by the Copyright Act and, therefore, must be dismissed. All of the allegations against Michaels and Hobby Lobby fall within the categories of copying, distributing, and creating derivative works of copyrighted material, and Plaintiffs have done nothing more than restate their copyright claims as state-law claims.

**Intentional Interference (Claim for Relief 4):**

Plaintiffs' interference claim also fails because Michaels and Hobby Lobby are not a "stranger" to their economic relationship with Plaintiffs and cannot interfere with their own relationship. To the extent that Plaintiffs are alleging Michaels or Hobby Lobby interfered with other relationships, the claim still fails because Plaintiffs have failed to plead any facts to support such an allegation. Plaintiffs have

not identified any specific relationships Michaels or Hobby Lobby allegedly interfered with to Plaintiffs' detriment.

**Alternatively, More Definite Statement (Claims for Relief 1-5):**

In the alternative, Michaels and Hobby Lobby moves for a more definite statement because the allegations against Michaels and Hobby Lobby are vague and ambiguous, and, more importantly, fail to provide fair notice. Michaels and Hobby Lobby have a right to know what is claimed against them, Plaintiffs should provide a more definite statement for any claims that are not dismissed.

## II.     INTRODUCTION

Plaintiffs have sued 19 unrelated defendants for a variety of claims under a twisted, confusing, and, as it related to Michaels and Hobby Lobby, conclusory complaint that lacks any factual support. For the most part, the Complaint focuses on allegations regarding CPI's sales representative (Faherty and MRF Associates, Inc.), CPI's business partner (Fuqing and Zhu), and certain Chinese manufacturing plants (ZheJiang, Fuzhou Bomy, Fuzhou Great Suns, and Sunface). In short, the Complaint alleges that CPI's sales representative, CPI's business partner, and the Chinese manufacturing plants conspired, stole, and sold unknown and unidentified copyrighted works in the marketplace.

As an almost afterthought, Plaintiffs also sued 11 retailers, including Michaels and Hobby Lobby. The Complaint, however, lacks facts supporting any of the claims against Michaels or Hobby Lobby. The totality of facts allegedly supporting the claims against Michaels are as follows:

> 57.     In October 2014, CPI offered to sell products factory direct to Michaels. Michaels was buying very little from CPI, even after many years of doing business with CPI and good relationships with Michaels buyers such as Mike Loveless, Bruce Miller and others including Eric Dickinson, who stated once that CPI's wood products "saved" Michaels' wood department. CPI never sold Michaels wood alphabets, even though CPI's wood alphabets have been sold at Michaels.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

58.    Michaels was very interested in buying factory direct from CPI, and scheduled a meeting with 5 or 6 people including Girish Gulati, Michaels' Manager of Global Sourcing, Ami Hutchings, and a few others. This was very unusual to have this many people in a sales presentation, especially since Michaels had not been interested in buying CPI's seasonal products in recent years. At the meeting, Michaels was very excited to legally sell CPI's products again because they were a huge money maker for them.

59.    When CPI asked Zhu for pricing, he gave higher prices than what he gives CPI for other customers. In an e-mail, Zhu said, "can't you try and sell to some smaller companies." On information and belief, Zhu did not want CPI to know that he was trying to sell CPI's original designs and products to Michaels through Faherty.

60.    In a subsequently meeting, Michaels seemed very interested to buy CPI's dollar wood products factory direct for Halloween, Fall and other seasons for 2015. For years, Michaels has sold seasonally CPI's masks, stand ups and many other products identical or substantially similar to CPI's designs, including in paper, foam, felt or material other than wood. Traditionally, wood products sell much better than these other materials. On information and belief, Michaels has for years been buying from Faherty these identical or substantially similar wood seasonal products (including masks and stand ups), and other identical or substantially similar products in different media other than wood, which Faherty has been selling to Michaels using various factories including the Hongye factory.

The totality of facts allegedly supporting the claims against Hobby Lobby are as follows:

44.    During the 2014 meeting between Faherty and Mello, Faherty admitted that (a) she had sold CPI's wood products to the 99 Cents Only Store, (b) she had sold CPI's products to Hobby Lobby, (c) she had sold CPI's products to Jo-Ann's.

61.    In approximately September 2014, CPI offered Christmas, Halloween, and fall items to Hobby Lobby, who picked out for Christmas 26 of the 50 samples, and approximately the same amount for fall and Halloween. Hobby Lobby was excited CPI was showing them new designs and new products for sale factory direct.

62.    Hobby Lobby requested the actual samples of 26 of the 50 products for Christmas and approximately the same amount for Fall and

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Halloween. Ultimately, CPI asked for the samples back, but the Hobby Lobby buyer Jessica Haynes claimed she did not have them anymore. On information and belief, Faherty undercut CPI with Hobby Lobby like she did with Bill at A.C. Moore. In fact, Faherty admitted that she worked with Hobby Lobby each season to show them CPI's original wood products, so that they could adapt or derive a slightly different design in an attempt to call it their "own" product.

Based on these sparse facts, Plaintiffs sued Michaels and Hobby Lobby for infringement of fifty-one (51) copyrights, an unknown number of federal and state trade dress infringement, intentional interference with prospective business, and unfair competition. As shown below, the Complaint lacks the basic factual and legal support to support these claims, and should be dismissed.

## III.  ARGUMENT AND AUTHORITIES

**A.   EACH OF PLAINTIFFS' CLAIMS AGAINST MICHAELS AND FAILS TO PLEAD FACTS SUFFICIENT TO GIVE RISE TO STATE A CLAIM.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory." *Oracle Am., Inc. v. Service Key, LLC*, 2012 U.S. Dist. LEXIS 171406 (N.D. Cal. 2012), *citing Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). While the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007), a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. The complaint must allege

"enough facts to state a claim to relief that is plausible on its face" and enough to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). That is, Plaintiff's complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> **1.** **Plaintiffs' "Shotgun Pleading" is Improper and Should be Dismissed.**

The Complaint's "shotgun pleading" fails to give Michaels and Hobby Lobby fair notice of the facts supporting any claims alleged against it. In a multi-defendant case, Rule 8 requires that the plaintiff give each defendant a clear statement about what each defendant allegedly did wrong and does not allow for "shotgun pleading." Fed. R. Civ. P. 8(a); *Sollberger v. Wachovia Sec., LLC,* No. SACV 09-0766, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Shotgun pleading occurs when "one party pleads that multiple parties did an act, without identifying which party did what specifically" or when "one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Camacho,* No. 2:13-cv-2665, 2014 U.S. Dist. LEXIS 150756, at *9 (E.D. Cal. Oct. 23, 2014). Thus, specific identification of the parties to the activities alleged is required in order for the defendants to be able to respond intelligently. *Cataulin v. Wash. Mut. Bank,* No. 08 CV 2419, 2009 WL 648921, at *2 (S.D. Cal. Mar. 9, 2009). A complaint with multiple parties that merely "incorporate each preceding paragraph, regardless of relevancy, [is] not permitted." *Destfino v. Kennedy,* No. CV-F-08-1269, 2009 WL 63566, at *4 (E.D. Cal. Jan 8, 2009). Confusion of which facts and claims apply to

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

which defendants requires that the complaint be dismissed. *Gen-Probe, Inc. v. Amoco Corp.,* 926 F. Supp. 948, 961 (S.D. Cal. 1996).

Plaintiffs' Complaint should be dismissed as an improper shotgun pleading. Plaintiffs' 16-page pleading is filled with factual allegations that span over 20 years, relate to conduct in two different countries and eight different states, and, and shown above, rarely even mentions Michaels or Hobby Lobby. PLAINTIFFS' COMPLAINT, at ¶¶ 22-65. The shotgun pleading names 19 unrelated defendants (2 sales representatives, 2 business partners, 4 Chinese manufactures, and 11 retailers). *Id.* at ¶¶ 6-20. The Complaint asserts 8 claims for relief, 5 of which are asserted against all 19 defendants. *Id.* at ¶¶ 66-111. For each count against every defendant, Plaintiffs incorporate all the recited facts, most of which are irrelevant to any conduct of Michaels or Hobby Lobby, or specific count against Michaels or Hobby Lobby. *Id.* at ¶¶ 66, 71, 79, 84, & 89. Plaintiffs then merely draw legal conclusions by reciting the elements of each claim. *Id.* at ¶¶ 66-111. Not only are the general allegations incorporated into each claim, but each claim is incorporated into all subsequent claims. *Id.* at ¶¶ 66, 71, 79, 84, & 89. As a result, Michaels and Hobby Lobby are left to guess what actions they took that amounted to a purported violation of Plaintiffs' rights, which of its products allegedly infringe upon Plaintiffs' copyrights and trade dress, what facts support the theories of liability against it, and which allegations it must defend itself against. Such a complaint violates Rule 8 and should be dismissed. *Mitchell v. Corr. Corp. of Am.,* No. 09cv1554, 2010 U.S. Dist. LEXIS 81965, at *24 (S.D. Cal. Aug. 6, 2010) (holding "a shotgun pleading in which an avalanche of allegations are made, and then a snowball of claims that fail to state the facts pertinent to each"); *Sollberger,* 2010 WL 2674456, at *4 (dismissing shotgun pleading and admonishing use of the "omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong"); *Zinzuwadia v. Mortg. Elec. Reg. Sys., Inc.,* No. 2:12-cv-02281, 2012 WL 6737837, at *7 (E.D. Cal. Dec. 28, 2012) (dismissing

shotgun pleading that was "replete with allegations that the defendants engaged in certain conduct, making no distinction among the [defendants] charged"); *Cataulin*, 2009 WL 648921, at *2 (dismissing shotgun pleading that "presents almost no facts demonstrating any wrongs by particular defendants, but rather ascribes nearly all allegations collectively to 'Defendants'"); *Mason v. Cnty. of Orange,* 251 F.R.D. 562, 563 (C.D. Cal. 2008) (dismissing shotgun pleading because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"). Because Plaintiffs allege far more facts than needed and state the claims in a formulaic manner by reciting their respective elements and not much else, the complaint should be dismissed.

### 2. Plaintiffs' Copyright Infringement Claim Should be Dismissed

#### a Plaintiffs Have Not Met the Prerequisite in 17 U.S.C. § 411(a) because CPL Did Not Register the Copyrights.

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).[2] Section 408 of the Copyright Act provides that "the *owner* of copyright or of any exclusive right in the work may obtain registration of the copyright claim." 17 U.S.C. §408(a) (emphasis added). Thus, registration of a copyrighted work is a prerequisite for bringing a civil action for copyright infringement. *See J&J Sports Prods., Inc. v. Kigo,* No. 10-cv-05512, 2011 WL 341839, at *1 (N.D. Cal. Aug. 4, 2011). As shown below, the owner of the copyrights did not file for registration.

On March 1, 2014, CPL became the owner of the copyrights at issue when CPI assigned ownership. PLAINTIFFS' COMPLAINT, at Exhibit O at p 7 (noting that Crafty

---

[2] The Ninth Circuit has held that "registration" occurs once the Copyright Office receives a complete application. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Productions, Inc. had assigned ownership of all assets to Crafty Production, LLC) (Dkt. #1-16). Prior to that date, CPI had not filed any copyright registrations on the alleged works. Rather, as part of this lawsuit, CPI filed the 51 registrations and improperly claimed to be the owner. PLAINTIFFS' COMPLAINT, at ¶ 5 (Dkt. 1); see also Attachment B. (Dkt. 1-2). Because CPI was not the owner, the registrations are invalid. More importantly, because CPL, the owner of the copyrights, has not yet filed for registration, the prerequisite in 17 U.S.C. § 411(a) has not been met. *Ricketts v. Haah,* No. 2:13-cv-00521-ODW, 2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013) ("In order to file a copyright-infringement suit, the copyright *owner* must first register or file an application to register his copyright.") (emphasis added). Consequently, the copyright infringement claim should be dismissed.

### b. Plaintiffs' Complaint fails to identify the specific copyrighted works Michaels or Hobby Lobby allegedly infringed.

General allegations of infringing several copyright registrations leave a defendant without sufficient notice as to the substance of the claimed infringement. *See Salt Optics, Inc. v. Jand, Inc*., No. SACV 10-0828 DOC, 2010 WL 4961702, at *6-7 (C.D. Cal. Nov. 19, 2010) (granting motion to dismiss copyright infringement claims where plaintiff, alleging both copyright and trade dress claims, failed to allege specific copyrighted works that were infringed*); see also Bespaq Corp. v. Haoshen Trading Co*., No. C 04-3698 PJH, 2005 WL 14841, at *3 (N.D. Cal. Jan. 3, 2005) (motion to dismiss copyright claim granted where plaintiff alleged infringement of 366 pieces of miniature furniture copyrights but provided only a catalog containing small-scale photographs); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1071-73 (9th Cir. 2013) (affirming motion to dismiss for failure to state indirect copyright infringement claim where plaintiff made unfounded factual assertions and conclusory allegations of law). In addition, courts require heightened standards for pleading copyright infringement because such a case "lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case." *Dorchen/Martin Assocs., Inc. v. Brook of Cheboygan, Inc.*, 838 F. Supp. 2d 607, 611 (E.D. Mich. 2012).

Here, the allegations in the Complaint fail to plausibly state a claim for copyright infringement under the heightened pleading standards of *Twombly* and *Iqbal*. Simply stated, the Complaint fails to identify a single copyright application that is purportedly infringed by Michaels or Hobby Lobby. Plaintiff's allegations, even if taken as true, do not identify which copyright application is purportedly infringed. Rather, Plaintiff cites a litany of unrelated facts and attaches a sheet identifying fifty-one (51) applications in Attachment B, but fails to identify any specific application in the Complaint that is infringed by Michaels or Hobby Lobby. Put differently, there is no allegation in the Complaint of a particular work of any defendant that infringes any particular copyright registration. Even if Plaintiffs supplied Michaels and Hobby Lobby with the corresponding deposit copy of each of the fifty-one (51) underlying work, Defendants would still be at a loss to defend themselves because the claims themselves are completely vague as to which works Michaels or Hobby Lobby allegedly infringes. Such broad allegations are factually deficient in light of *Twombly* and *Iqbal*.

### c. Plaintiffs' Complaint fails to identify the protectable elements infringed by Michaels or Hobby Lobby.

"To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Plaintiffs' Complaint fails to allege which constituent elements of the work that are original Michaels is infringing.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Plaintiffs' Complaint generally and conclusory alleges that Crafty Productions, Inc. "has created many original product concepts and designs, including creative, decretive wood products." PLAINTIFFS' COMPLAINT, ¶ 22. In other places, the Complaint merely references "CPI's many original designs and products" or "CPI's original designs and products" or :"CPI's knocked off products." *Id.* at ¶ 27, 29, 42, 51, and 52-55, 59. Plaintiffs' copyright infringement claim references "Plaintiffs' original designs and products." *Id.* At ¶ 67. Nowhere does the Complaint identify (1) which constituent elements of the work are original to Plaintiffs; or (2) how Michaels or Hobby Lobby are infringing those elements. Without this basic level of factual pleading, Michaels or Hobby Lobby cannot adequately respond to the Complaints' allegations. As such, the Complaint should be dismissed.

### e. Plaintiffs Cannot Recover Statutory Damages or Attorneys' Fees.

Plaintiffs' Complaint seeks statutory damages and attorneys' fees under its copyright claims. PLAINTIFFS' COMPLAINT, p. 23, ¶ I-J. While the Copyright Act allows for the recovery statutory damages or attorneys' fees in certain cases, the Act requires timely registration. Specifically, Section 412 of Title 17, bars an award of statutory damages or attorneys' fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C § 412 (2008). Section 412 "leaves no room for discretion and clearly mandates that," in order to recover attorneys' fees and statutory damages, the copyright must have been registered before the commencement of infringement, unless registration is made three months after first publication of the work. *City of Carlsbad v. Shah,* 850 F. Supp. 2d 1087, 1101 (S.D. Cal. 2012). Here, show above, the owner of the works has not even filed a registration. Further, even assuming that Crafty Productions, Inc.'s registrations are valid, they were not filed within 3 months of first publication. All of the listed works are identified only by a recent application

number and no work was identified with a copyright registration number. *See* PLAINTIFFS' COMPLAINT, at Attachment B. (Dkt. 1-2). Of the 51 works, 50 have first publication dates of July 2014 or earlier. None of Crafty Productions, Inc.'s registrations show they were filed within 3 months of the first publication. Thus, section 412 precludes Plaintiffs from collecting statutory damages or attorneys' fees. *Oddo v. Ries,* 743 F.2d 630, 634 (9th Cir. 1984). Thus, Plaintiffs' Complaint should be dismissed.

### 3. Plaintiffs' Trade Dress Claims Should be Dismissed

In their second and third claims for relief, Plaintiffs asset causes of action for trade dress under section 43(a) of the Lanham Act and California law. PLAINTIFFS' COMPLAINT, at ¶ 71-83. These claims should be dismissed because (1) Plaintiffs fail to identify allege which products are subject to these claims; and (2) Plaintiffs fail to allege which products have acquired protectability.

### a Plaintiffs Have Not Identified Their Trade Dress.

Plaintiffs' trade dress claims (counts 2 & 3) should be dismissed because the Complaint fails to identify which products, if any, are the subject of these claims against Michaels and Hobby Lobby. In the body of the complaint, Plaintiffs never mention any trade dress of products with nonfunctional aspects. Instead, in the second claim for relief, Plaintiffs merely assert in conclusory fashion: "Through many years of consistent, creative effort, Plaintiffs have created numerous original designs and products that have proven to be very popular with consumers and successful at retail in the United States, including all of the designs and products depicted in Exhibits A-H. Because of the popularity and success of Plaintiffs' designs and products, the non-functional aspects of Plaintiffs' original designs and products has become distinctive; that is, the appearance of Plaintiffs' original designs indicates to consumers that the source and origin of these products is Plaintiffs, not competitors or others." PLAINTIFFS' COMPLAINT, at ¶ 72. In the third claim, Plaintiffs similarly

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

rely upon conclusory pleading: "By the acts alleged herein, each Defendant has violated Plaintiffs' rights under California law, including under Cal. Bus. & Prof. Code §§ 14330, 17500, and under the common law protections against trade dress infringement and palming off." *Id.* at ¶ 80. Michaels and Hobby Lobby cannot fairly respond to these trade dress claims and is left guessing what specific products Plaintiffs are asserting. The claims must be dismissed.

### b. Plaintiffs Have Not Plead Protectability.

"Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). To prevail on a trade dress infringement claim, the plaintiff must show (1) that its trade dress is protectable and (2) that the defendant's use of a purportedly-similar trade dress is likely to confuse consumers. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987). For unregistered trade dress, protectability is demonstrated by showing that the trade dress is both (i) non-functional and (ii) performs a source-identifying role, either because the trade dress is inherently distinctive or because it has acquired distinctiveness through secondary meaning among the relevant consuming population. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769, (1992) (describing basic requirements for trade dress protection); 15 U.S.C. § 1125 (a)(3) ("In a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional"). Thus, a plaintiff asserting trade dress infringement must show "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards*, 251 F.3d at 1258; *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Because affording trade dress protection to product designs may hinder legitimate competition, the Ninth Circuit has advised district courts to evaluate such claims with greater scrutiny than claims involving other forms of trade dress. *Leatherman Tool Group, Inc. v. Cooper Indus., Inc.*, 199 F.3d 1009, 1012-13 (9th Cir. 1999).

First, the trade dress claims fail because Plaintiffs fail to identify nonfunctional aspects of the products. Again, Plaintiffs merely assert in conclusory fashion: "Because of the popularity and success of Plaintiffs' designs and products, the non-functional aspects of Plaintiffs' original designs and products has become distinctive; ….By the acts alleged herein, each Defendant has violated Plaintiffs' rights under California law, including under Cal. Bus. & Prof. Code §§ 14330[3], 17500[4], and under the common law protections against trade dress infringement and palming off." PLAINTIFFS' COMPLAINT, at ¶ 73, 80. Plaintiff pleads no facts supporting these conclusory statements, and therefore have not adequately pleaded that the trade dress is nonfunctional. *Two Pesos, Inc.*, 505 U.S. at 769

Second, the trade dress claims fail because Plaintiffs fail to plead facts showing the works serve as a source-identifier. Nowhere do Plaintiffs plead facts showing how any trade dress is inherently distinctive or how it has acquired secondary meaning. Rather, Plaintiffs merely rely upon conclusory pleading: "Because of the popularity and success of Plaintiffs' designs and products, the non-functional aspects

---

[3] Section 14330 was repealed, effective January 1, 2008. See A.B. 1484, Reg. Sess. (Cal. 2007). Plaintiffs' third claim should be dismissed to the extent it relies on section 14330. *Emeco Indus., Inc. v. Restoration Hardware, Inc.*, No. C-12-5072, 2012 WL 6087329, at *3 (N.D. Cal. Dec. 6, 2012) (granting motion to dismiss because claim was based on Cal. Bus. & Prof. Code §§ 14330 et seq., which has been repealed).

[4] Section 17500, California's False Advertising Law, prohibits any statement in connection with the sale of goods "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500. Plaintiffs have not alleged a plausible claim under California's False Advertising law because they have not made any assertions whatsoever concerning any statements Michaels made that may be untrue or misleading. They have not even made any conclusory allegations as to the elements of a claim for false advertising under section 17500. PLAINTIFFS' COMPLAINT, at ¶¶ 79-83. Thus, to the extent Plaintiffs' third claim is based on section 17500, it should be dismissed. *Cortina*, 2015 WL 1411336, at *13.

of Plaintiffs' original designs and products has become distinctive; that is, the appearance of Plaintiffs' original designs indicates to consumers that the source and origin of these products is Plaintiffs, not competitors or others….By the acts alleged herein, each Defendant has violated Plaintiffs' rights under California law, including under Cal. Bus. & Prof. Code §§ 14330, 17500, and under the common law protections against trade dress infringement and palming off." PLAINTIFFS' COMPLAINT, at ¶ 72, 80. Plaintiffs plead no facts supporting these conclusory allegations and, therefore, have not adequately pleaded that any trade dress serves as a source identifier. *Two Pesos, Inc*., 505 U.S. at 769.

### c. Plaintiffs Have Not Plead When Their Products Acquired Secondary Meaning.

To establish a claim for trade dress infringement based on a product design, the plaintiff must show that its design has attained secondary or "acquired" meaning. *Wal-Mart Stores, Inc. v. Samara Bros, Inc*., 529 U.S. 205, 212 (2000). Secondary meaning exists when, "in the minds of the public, the primary significance of a [design] is to identify the source of the product rather than the product itself." *Id*. at 211 (*quoting Inwood Labs., Inc. v. Ives Labs., Inc*., 456 U.S. 844, 851 (1982)). "The test of secondary meaning is the effectiveness of the effort to create it, and the chief inquiry is directed towards the consumer's attitude about the mark in question: does it denote to him a single thing coming from a single source?" Carter-Wallace, Inc. v. P&G Co., 434 F.2d 794, 802 (9th Cir. 1970) (internal quotation omitted). The plaintiff bears the burden of showing its mark or design obtained secondary meaning before the defendant commenced its allegedly infringing activities. *Levi Strauss & Co. v. Blue Bell, Inc*., 778 F.2d 1352, 1358 (9th Cir. 1985) (en banc); *Braun, Inc. v. Dynamics Corp. of Am*., 975 F.2d 815, 826 (Fed. Cir. 1992) ("A claim of trade dress infringement fails if secondary meaning did not exist before the infringement began.").

Here, the Plaintiffs have plead no facts showing (1) when the alleged trade dress (whatever it is) obtained secondary meaning or (2) that the alleged trade dress obtained secondary meaning before Michaels or Hobby Lobby commenced any allegedly infringing activities. PLAINTIFFS' COMPLAINT, at ¶ 73, 80. Absent this showing, the Plaintiffs have not adequately plead a valid claim for trade dress infringement.

### 4. Plaintiffs' State Law Claims are Preempted by the Copyright Act.

Section 301 of the Copyright Act of 1976 explains the extent that the Act preempts state law causes of action and provides, in relevant part:

> (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section 102 and section 103…are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (1998). Pursuant to § 301(a), preemption exists if: (1) the state right is "within the subject matter of copyright" as defined by the Act, and (2) the state right is "equivalent" to any exclusive rights of a federal copyright. *Motown Record Corp. v. George A. Hormel & Co.,* 657 F. Supp. 1236, 1239 (C.D. Cal. 1987). Congress has explained that "[t]he intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright." H.R. Rep. No. 94-1476, at 130 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5746.

### a. Plaintiffs' Intentional Interference with Prospective Economic Advantage Claim is Preempted.

Plaintiffs' fourth cause of action asserts a claim for intentional interference with prospective economic advantage. PLAINTIFFS' COMPLAINT, at ¶¶ 84-88. A

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

claim for interference with prospective relationships is preempted if it alleges rights equivalent to those protected by copyright. *Miller v. Miramax Film Corp.,* No. CV 99-08526, 1999 U.S. Dist. LEXIS 23422, at *13 (C.D. Cal. Nov. 22, 1999). Claims for intentional interference with prospective economic advantage are preempted by the Copyright Act where the claims merely: (1) restate the conduct upon which the plaintiffs' copyright claims were based and (2) allege lost business resulting from the purported acts of infringement. *Idema v. Dreamworks,* 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2011).

Here, Plaintiffs' interference claim is nothing more than a restatement of the copyright claim. Specifically, Plaintiffs' interference claim alleges that Michaels and Hobby Lobby intentionally interfered with Plaintiffs' existing and prospective customers through the acts of "manufacturing, distributing and/or selling Plaintiffs' original and/or substantially similar designs or products without authorization from Plaintiffs." PLAINTIFFS' COMPLAINT, at ¶ 86. Plaintiffs allege all the "designs or products" are copyrighted. *Id.* at ¶¶ 5, 22, 66-70. Further, "manufacturing, distributing and/or selling" copyrighted works are within the list of exclusive rights afforded copyright owners. 17 U.S.C. § 106(1)-(2). Therefore, Plaintiffs' claim for intentional interference with prospective economic advantage is preempted. *Worth,* 5 F. Supp. 2d at 822; *Motown Record Corp.,* 657 F. Supp. at 1240.

### ii. Plaintiffs' Unfair Competition is Preempted.

Plaintiffs' fifth cause of action asserts a claim for unfair competition against Michaels and Hobby Lobby under California Business and Professions Code § 17200. PLAINTIFFS' COMPLAINT, at ¶¶ 89-92. Unfair competition law in California prohibits any "unlawful, unfair or fraudulent business practice." *Barquis v. Merchants Coll. Assn.,* 496 P.2d 817 (Cal. 1972). An examination of the Complaint's allegations show that the rights Plaintiffs are seeking to enforce are rights granted by the Copyright Act.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Here, the Complaint merely incorporates by reference the proceedings paragraphs and then states, "[b]y its acts above constituting intentional interference with prospective economic advantage, each Defendant has employed unlawful and unfair business acts or practices, in violation of Cal. Bus. & Prof. Code § 17200 et seq." PLAINTIFFS' COMPLAINT at ¶ 90. All of the preceding acts involve allegations of manufacturing, distributing and/or selling the alleged copyrighted works. *Id.* at ¶¶ 5, 22, 57-60, 66-70. Because the Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly," 17 U.S.C. § 106, *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds), it is clear that Plaintiffs' unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws and, therefore, are preempted. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (holding that California unfair competition claims are preempted by the Copyright Act), *Experexchange, Inc. v. Doculex, Inc.*, 2009 WL 3837275, at *24 (N.D. Cal. Nov. 16, 2009) (same); *Capcom Co., Ltd. v. MKR Group, Inc.*, 2008 U.S. Dist. LEXIS 83836, 2008 WL 4661479, at *15 n.10 (N.D. Cal. Oct. 20, 2008) (same); *Capcom Co., Ltd. v. MKR Group, Inc.*, 2008 U.S. Dist. LEXIS 83836 (N.D. Cal., Oct. 10, 2008) (holding that claim for unfair business practices under Cal. Bus. & Prof. Code §§ 17200 is preempted); *see also Motown Record Corp. v. George A. Hormel & Co.,* 657 F. Supp. 1236, 1239-40 (C.D. Cal. 1987) (holding plaintiffs' unfair competition claim was preempted because it was not "qualitatively different" from their copyright claim).

### 5. Plaintiffs' Intentional Interference Claim Must Be Dismissed As Michaels and Hobby Lobby Cannot Interfere with Themselves.

Plaintiffs claim that they are the creators of many original product concepts and designs, including many creative, decorative wood products. PLAINTIFFS' COMPLAINT, at ¶ 22. Plaintiffs claim to manufacture these products in China and then

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

sell them to their customers (retailers like Michaels and Hobby Lobby), either directly or through a sales representative. *Id.* at ¶¶ 24-25, 35, 44-46, & 57-62. Plaintiffs do not claim that Michaels or Hobby Lobby are manufacturing the products or selling them to other retailers. Rather, the Complaint alleges, in a conclusory manner, that "Michaels was buying very little from CPI" and the products it was buying from others are alleged infringements. *Id.* at 57, 66-70. For Hobby Lobby, Plaintiffs allege, conclusory, that "Hobby Lobby requested the actual samples of 26 of the 50 products for Christmas and approximately the same amount for Fall and Halloween. Ultimately, CPI asked for the samples back, but the Hobby Lobby buyer Jessica Haynes claimed she did not have them anymore. On information and belief, Faherty undercut CPI with Hobby Lobby like she did with Bill at A.C. Moore. In fact, Faherty admitted that she worked with Hobby Lobby each season to show them CPI's original wood products, so that they could adapt or derive a slightly different design in an attempt to call it their "own" product." *Id.* at ¶ 62.

First, to the extent Plaintiffs' claim is based on the business relationship between Michaels or Hobby Lobby and Plaintiffs, the claim fails because Michaels and Hobby Lobby cannot interfere with their own business relationships. California law has long recognized that the core of this tort is interference with an economic relationship by a *stranger* to that relationship. *Marin Tug & Barge, Inc. v. Wesport Petroleum, Inc.,* 271 F.3d 825, 832 (9th Cir. 2001). As a result, an entity with a direct interest or involvement in that relationship is not liable for harm caused by pursuit of its interests. *Id.*

Second, to the extent that Plaintiffs are alleging Michaels and Hobby Lobby interfered with *other* relationships, Plaintiffs fail to allege any factual support at all. The elements of intentional interference with prospective economic advantage in California are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp,* 63 P.3d 937, 950 (Cal. 2003). Michaels and Hobby Lobby have no indication as to what "existing and prospective customer relationships" Plaintiffs are referring. Plaintiffs have not even alleged facts to make it past the first element, as Plaintiffs have not identified any "third party." *Blank v. Kirwan,* 703 P.2d 58 (Cal. 1985) (finding that complaint failed to state a claim for intentional interference with prospective economic advantage because the requisite relationship with third persons involved as yet unknown or nonexistent patrons). Without identifying any specific sales or specific relationships that Michaels and Hobby Lobby have allegedly interfered with, Plaintiffs are impermissibly alleging that Michaels and Hobby Lobby interfered with the market in general. *See e.g., Westside Center Assocs. v. Safeway Stores 23, Inc.,* 49 Cal. Rptr. 2d 793, 804 (Cal. Ct. App. 1996) (finding that without an existing relationship with an identifiable buyer, plaintiff's expectation of a future sale was nothing more than a hope for an economic relationship and could not serve as basis for interference with prospective economic advantage claim). In other words, a defendant must have interfered with a specific existing relationship, not simply with the formation of one in the future. *See Rickards v. Canine Eye Reg. Found., Inc.,* 704 F.2d 1449, 1456, (9th Cir. 1983). For these reasons, Plaintiffs' interference claim must be dismissed.

**B.     Michaels and Hobby Lobby Requests a More Definite Statement for Any Claims That This Court Declines to Dismiss.**

If Plaintiffs' Complaint is not dismissed in its entirety, Michaels and request that Plaintiffs be ordered to provide a more definite statement of their claims. Federal Rule of Civil Procedure 12(e) states that "if a pleading…is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." FED. R. CIV. P. 12(e). Although generally

DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071

1   disfavored, such relief is appropriate where, as  here, the complaint is so indefinite

2   that the defendant cannot ascertain the nature of the claim being asserted.  *Fractional*

3   *Villas, Inc. v. Tahoe Clubhouse,* 2009 U.S. Dist. LEXIS 4194, No. 08cv1396, at *5

4   (C.D. Cal. Jan. 22, 2009).

5       Despite the length of the complaint, Plaintiffs did not make any effort to

6   identify the precise allegations upon which each claim is based.  Allegations of fact

7   that may be relevant to only one defendant or only one claim are nevertheless made

8   part of each cause of action against each defendant.  As a result, Michaels and Hobby

9   Lobby are left with a confusing mass of allegations to unscramble in an effort to

10  make sense of Plaintiffs' disjointed claims.  Given the number and diversity of named

11  defendants and the breadth of the allegations, claims vaguely referring to

12  "defendants" should not suffice.  *See McHenry v. Renne,* 84 F.3d 1172, 1175 (9th Cir.

13  1996).

14      In addition, Michaels and Hobby Lobby cannot frame a responsive pleading

15  without, at the very least, knowing which of the various copyrights Michaels and

16  Hobby Lobby specifically have allegedly infringed upon.  *Boxall v. Sequoia Union*

17  *High School Dist.,* 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).  Therefore, this Court

18  should require Plaintiffs to identify which copyrights pertain to the claims against

19  each defendant specifically.  *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996)

20  (more definite statement warranted when complaint failed to indicate which wrongs

21  were committed by which defendants).  Accordingly, if the Complaint is not

22  dismissed in its entirety, Plaintiffs should be required to file a more definite statement

23  of their claims.

## IV.   CONCLUSION

26      For the reasons set forth above, Michaels and Hobby Lobby respectfully

27  requests this Court to grant this Motion to Dismiss Plaintiffs' complaint in its

Case No. 3:15-cv-00719-BAS-JLB
THE MICHAELS COMPANIES, INC., MICHAELS STORES, INC., AND HOBBY LOBBY, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 8 & 12(b)(6)

entirety. Alternatively, Michaels and Hobby Lobby requests this Court require a more definite statement for any claims it declines to dismiss.

DYKEMA GOSSETT LLP


By: /s/ Allan Gabriel
    Allan Gabriel (76477)
    agabriel@dykema.com
    Vivian I. Kim (272185)
    Kim@dykema.com

**Attorneys for Defendants The Michaels Companies, Inc. and Michaels Stores, Inc.**


Lewis Anten, P.C.
Lewis Anten (56459)
lewisanten@aol.com
Ivy Choderker (210612)
IvyChods@aol.com

Attorneys for Defendant Hobby Lobby Stores, Inc.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF Filing System, which will serve electronic notice of the same on the following:

| | |
|---|---|
| Stephen M. Lobbin<br>One LLP<br>4000 MacArthur Boulevard<br>East Tower, Suite 500<br>Newport Beach, CA 92660<br>Phone: (949) 502-2870<br>Facsimile: 949-258-5081<br>Email: slobbin@onellp.com<br>Attorneys for Plaintiffs,<br>Crafty Productions, Inc. and Crafty Productions, LLC | Tony Liu<br>Law Offices of Tony T. Liu<br>1851 E. First Street, Suite 900<br>Santa Ana, CA 92705<br>Phone (714) 415-2007<br>Facsimile: (714) 460-5200<br>Email: ttliu@tonyliulaw.com<br>Attorneys for Defendant,<br>Fuqing Sanxing Crafts Co., Ltd. |
| Lewis Anten<br>Ivy Mara Choderker<br>Lewis Anten, APC<br>16830 Ventura Blvd., Suite 236<br>Encino, CA 91436<br>Phone: (818) 501-3535<br>Facsimile: (818) 501-4138<br>Email: lewisanten@aol.com<br>Email: ivychods@aol.com<br>Attorneys for Defendant,<br>Hobby Lobby, Inc. | MANDOUR & ASSOCIATES, APC<br>Joseph A. Mandour (SBN 188896)<br>Email: jmanodur@mandourlaw.com<br>Gordon E. Gray (SBN 175209)<br>Email: ggray@mandourlaw.com<br>Ben T. Lila (SBN 246808)<br>Email: blila@mandourlaw.com<br>16870 W. Bernardo Drive, Suite 400<br>San Diego, CA 92127<br>Attorneys for Defendants Party City Holdings, Inc. and Party City Corporation |
| Bruce Isaacs<br>Wyman and Isaacs LLP<br>8840 Wilshire Boulevard, Suite 200<br>Beverly Hills, CA 90211<br>Phone: (310)358-3221<br>Facsimile: (310)358-3224<br>Email: bisaacs@wymanisaacs.com<br><br>John Goldmark<br>Warren Joseph Rheaume<br>Davis Wright Tremaine LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>Phone: (206)757-8068<br>Facsimile: 206-757-7068<br>Email: johngoldmark@dwt.com<br>Email: warrenrheaume@dwt.com | |

Dated: September 3, 2015                    /s/ Allan Gabriel

Allan Gabriel

Case No. 3:15-cv-00719-BAS-JLB
THE MICHAELS COMPANIES, INC., MICHAELS STORES, INC., AND HOBBY LOBBY, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 8 & 12(b)(6)