# EXHIBIT N

# CONTRIBUTION AGREEMENT

This Contribution Agreement (hereinafter "Agreement") is entered into as of this ____ day of February, 2014, by and among Crafty Productions, LLC, a California limited liability company ("Crafty LLC"), Crafty Productions, Inc., a California corporation (hereinafter the "CPI"), and Fuqing Sanxing Crafts Co., a Chinese company ("Fuqing Sanxing", together with CPI as "Contributors").

## RECITALS

WHEREAS, effective as of 12:00 am on March 1, 2014, the Contributors desire to contribute to Crafty LLC the property set forth opposite their name on Exhibit A attached hereto (the "Contributed Property") as capital contribution under Section 721 of the Internal Revenue Code of 1986, as amended ("Section 721") in exchange for the issuance by Crafty LLC of the number of its membership units set forth opposite their name on Exhibit A attached hereto (the "Contribution"), and in connection therewith execute the Operating Agreement of Crafty LLC (the "Operating Agreement"); and

WHEREAS, CPI is contributing property representing all of the assets and liabilities of CPI; and

WHEREAS, Fuqing Sanxing is contributing cash in the amount of $500,000.00 (USD).

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Crafty LLC and Contributors hereby agree as follows:

## SECTION 1
## AGREEMENT

1.1 Definitions. "Affiliate" shall mean with respect to Fuqing Sanxing, any entity that directly or indirectly through one or more intermediaries, controls (including any subsidiary), or is controlled by, or is under common control with owner(s) of Fuqing Sanxing.

1.2 Contribution. Effective at 12:00 a.m. on March 1, 2014, (the "Effective Date"), each Contributor hereby contributes to Crafty LLC all right, title and interest to the Contributed Property set forth opposite its name on Exhibit A attached hereto and Crafty LLC hereby accepts such contribution in consideration for the issuance of the membership interests set forth opposite each Contributor's name on Exhibit A attached hereto to such Contributor.

1.3 Facility Inspection. Crafty LLC and Fuqing Sanxing agree that each party shall have reasonable access to inspect the other party's premises and facilities during normal business hours, without any prior notice.

1.4 Pricing. Fuqing Sanxing agrees to offer its best competitive price to Crafty LLC on products to be manufactured or sourced by Fuqing Sanxing. If Crafty LLC is able to obtain a lower pricing from another manufacturer, Fuqing Sanxing may either (i) exercise its first right to match the lower pricing; or (ii) not exercise its first right to match the lower pricing and Crafty LLC will be free to source the products from the lower pricing manufacturer.

1.5 Fulfillment of Orders. Fuqing Sanxing will have the first right to fulfill all orders received by Crafty LLC. In the event Fuqing Sanxing is unable to fulfill any orders within sixty-five (65)

days of receiving the order from Crafty LLC, Crafty LLC may fulfill its orders with another manufacturer.

1.6  Grant of License. Crafty LLC grants Fuqing Sanxing a non-exclusive license to make or use designs, products and/or patents owned by Crafty LLC to manufacture products for Crafty LLC and other customers, provided that no products manufactured by Fuqing Sanxing and its Affiliates based on this grant of license will be sold to the retail customers listed on the attached Exhibit B without Crafty LLC and CPI's prior written authorization. In addition, Fuqing Sanxing and its Affiliates cannot sell Crafty LLC's designs at the same selling time and season Crafty LLC is selling those same products with the same designs to those retail customers listed on the attached Exhibit B. (E.g., if Crafty LLC is selling a doll with a cheerleader costume to JoAnns for Spring 2015, Fuqing Sanxing cannot sell the same cheerleader doll to its customers for Spring 2015. Fuqing Sanxing may sell a different cheerleader design if it so chooses, however.)

In accordance with the grant of the non-exclusive license, Fuqing Sanxing and/or its Affiliates shall pay to Crafty LLC a royalty of one percent (1%) of gross sales revenue billed and collected from any of its customers who purchased products manufactured using the license granted herein. The license granted herein will terminate upon the material default of this Section 1.7 and any other conditions or obligations of this Agreement. Fuqing Sanxing shall provide to Crafty LLC, a Sales Report on a quarterly basis, listing all sales of products sold under the non-exclusive license granted pursuant to this Section.

1.7  Books and Records. During the term of this Agreement, Fuqing Sanxing shall have the right to examine the books and records of the Crafty LLC on a monthly basis and to receive copies of all accounting reports and tax returns prepared for the Crafty LLC.

1.8  Sales Orders. Crafty LLC will use its best effort to place orders for products to be manufactured by Fuqing Sanxing for an amount equal to or exceeding $2,000,000.00 USD on an annual basis.

1.9  Purchase Order Payment Terms. The parties agree that the payment terms for all orders placed with Fuqing Sanxing will remain unchanged. Specifically, all purchase orders will be payable to Fuqing Sanxing when Crafty LLC has received payment from its customers. Fuqing Sanxing will pay for costs related to mock packaging on samples and shipping costs to Crafty LLC and its sales personnel. Notwithstanding the foregoing, the freight cost paid at the time of shipping the samples will be reimbursed by Crafty LLC.

1.10  Default and Termination. CPI may withdraw as a member of Crafty LLC if Fuqing Sanxing defaults under any term of this Agreement, which default is not cured within ten (10) days of written notice from CPI.

1.11  Employment Agreement. Fuqing Sanxing will enter into a separate employment agreement with Paula Mello on or before March 1, 2014 ("Employment Agreement").

1.12  Product Testing Costs. Fuqing Sanxing hereby agrees to pay for one-half (1/2) of all certification and third party testing costs related to compliance of Consumer Product Safety laws for products developed by CPI that Fuqing Sanxing will use and sell to its customers.

1.13  Sale of Crafty LLC. CPI agrees to not transfer its controlling interest in Crafty LLC for a period of three (3) years from the date of this Agreement. After the three (3) year period has

expired (March 1, 2017), CPI and Fuqing Sanxing both agree to not sell Crafty LLC for less than One Million Five Hundred Thousand Dollars ($1,500,000.000 USD).

1.14   The parties agree that Fuqing Sanxing will contribute its Contributed Property in three (3) installments: (i) $300,000.00 on or before the Effective Date; (ii) $100,000.00 on or before June 1, 2014; and $100,000.00 on or before December 1, 2014. If the LLC does not receive the Contributed Property from Fuqing Sanxing on or before the aforementioned dates, Fuqing Sanxing will forfeit the percentage of ownership interest in the LLC corresponding with the percentage of balance due on the Contributed Property. Additionally, the parties agree that the open invoice amounts owed by CPI to Fuqing Sanxing will be cancelled as paid in full after the fully execution of this Agreement for any amount of Contributed Property not received by the LLC from Fuqing Sanxing.

## SECTION 2
## REPRESENTATIONS AND WARRANTIES

2.1   Representations and Warranties. Each Contributor represents and warrants as follows:

2.1.1   Title. Each Contributor has good title to the Contributed Property.

2.1.2   Power and Authority. Each Contributor has all necessary power and authority to enter into and perform this Agreement.

2.1.3   Information. Each Contributor has been furnished with, and has had access to, such information as it considers necessary or appropriate for deciding whether to enter into this Agreement.

2.1.4   Transfer Restrictions and Risk. Each Contributor is aware that it must bear the economic risk of an investment in the membership interests for an indefinite period of time, including because of the restrictions on transferability referred to below and because of the fact that there is no market for the Membership Units and no market is likely to develop in the future. Each Contributor also recognizes that no federal or state agency has passed upon the Membership Units to date or made any finding or determination as to the fairness of an investment in the Membership Units.

2.1.5   No Tax, Legal or Investment Advice. Each party to this Agreement acknowledges that it is solely responsible for obtaining its own legal, tax and investment advice in connection with the transactions contemplated by this Agreement. It is the intention of the parties that this transaction constitutes a tax-free exchange and capital contribution under Section 721.

2.1.6   Validity; Enforceability. This Agreement and all other instruments or documents executed by the Contributors in connection herewith have been duly executed, and constitute legal, valid and binding obligations, enforceable in accordance with their respective terms.

2.2   Survival of Warranties and Representations. All warranties and representations of the Fuqing Sanxing and the CPI connected with this Agreement shall survive the Closing.

## SECTION 3
## MISCELLANEOUS

3.1     <u>Notices</u>. Any notice or other communication pursuant to this Agreement shall be made by registered certified mail and will be effective upon receipt by the addressee. Such notice or communication shall be mailed to addresses listed below the signature lines of this Agreement.

3.2     <u>Attorneys' Fees and Costs</u>. If any legal or equitable action or any arbitration or other proceeding is brought for the enforcement or interpretation of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in such action or proceeding, in addition to any other relief to which it may be entitled.

3.3     <u>Incorporation of Exhibits</u>. All exhibits annexed hereto are hereby fully incorporated into this Agreement and shall have the same force and effect as if set forth in full herein.

3.4     <u>Waiver</u>. No waiver by any party of any right on any occasion shall be construed as a bar to or waiver of any right or remedy on any future occasion.

3.5     <u>Successors and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective permitted successors and assigns.

3.6     <u>Entire Agreement, Amendment</u>. This Agreement constitutes the entire agreement between the parties with respect to the transactions contemplated hereby and thereby; supersedes all prior or contemporaneous negotiations, communications, discussions and correspondence concerning the subject matter hereof; and may be amended or modified only with the written consent of the parties.

3.7     <u>Severability of Provisions</u>. If any provision of this Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity without invalidating the remainder of such provision or any remaining provisions of this Agreement, and the parties shall use their respective best efforts to negotiate and enter into an amendment to this Agreement whereby such provision will be modified in a manner that is consistent with the intended economic consequences of the invalid provision and that, as modified, is legal and enforceable.

3.8     <u>Governing Law</u>. This agreement shall be governed by and construed in accordance with the internal laws of the State of California without giving effect to any choice of law or conflict, provision or rule (whether of the State of California or any other jurisdiction) that would cause the laws of any jurisdiction other than the State of California to be applied.

3.9     <u>Counterparts</u>. This Agreement may be executed in separate counterparts, either of which, when so executed, shall be deemed to be an original and both of which, when taken together, shall constitute but one and the same agreement.

3.10     <u>Survival</u>. The representations, warranties, covenants and agreements made herein shall survive the execution and delivery of this Agreement and the consummation of the transactions contemplated hereby, notwithstanding any investigation made by either party.

3.11     <u>Further Assurances</u>. Crafty LLC and the Contributors agree to execute and deliver all further agreements, documents, and instruments necessary to effect this Agreement and the

transactions contemplated herein, including, but not limited to, the execution of the Operating Agreement and Employment Agreement.

3.12   <u>Representation by Counsel</u>.  All parties have been advised of their rights to obtain independent counsel.  All parties are either represented by independent counsel or hereby specifically waive the right to counsel.  Each party represents, warrants and covenants that such party executes this Agreement acting on its own independent judgment or upon the advice of such party's counsel, without any representation, express or implied, of any kind from any other party, except as specified expressly in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed the day and year first written above.

CRAFTY PRODUCTIONS, LLC

By: *[signature]*
Its: President

Address: 1050 Guildford Ct., Encinitas, CA 92024

CONTRIBUTORS:

CRAFTY PRODUCTIONS, INC.

By: *[signature]*
Its: President

Address: 1050 Guildford Ct., Encinitas, CA 92024

FUQING SANXING CRAFTS CO.

By: *[signature]*
Its: *[signature in Chinese]*

Address: #3 Ke Ma Building, Yuan Hong Investment Zone, Cheng Tou Twon, Fuqing City, Fujiang Province, 350314 PR China

## EXHIBIT A

## CAPITAL CONTRIBUTIONS AND MEMBERSHIP UNITS

| Member | Contribution | Value | Membership Unit |
|---|---|---|---|
| Crafty Production, Inc. | All assets and liabilities of Crafty Production, Inc. Notwithstanding, Crafty Production, Inc. will reserve and maintain all of its rights to pursue IP infringement claims against third parties and such rights will not be transferred or contributed to Crafty Production LLC. | $1,000,000 | 67 |
| Fuqing Sanxing Crafts Co. | Cash | $500,000 | 33 |

## EXHIBIT B

## CUSTOMERS OF CRAFTY LLC

JoAnn Stores
A.C. Moore and Sbars
Dollar Tree