Stephen M. Lobbin (SBN 181195)
slobbin@onellp.com
Joanna Ardalan (SBN 285384)
jardalan@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Tel:   949.502.2870
Fax:   949.258.5081

Attorneys for Plaintiffs **Crafty Productions, Inc.**
and **Crafty Productions, LLC**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Crafty Productions, Inc.**, a California corporation, and **Crafty Productions, LLC**, a California company,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**Fuqing Sanxing Crafts Co. Ltd.**, a China company, **Tony Zhu**, an individual, **Michelle Faherty d/b/a MRF Associates**, an individual, **The Michaels Companies, Inc.**, a Delaware corporation, **Michaels Stores, Inc.**, a Delaware corporation, **Plaid Enterprises, Inc.**, a Georgia corporation, **Hobby Lobby Stores, Inc.**, an Oklahoma corporation, **Sbars, Inc.**, a New Jersey corporation, **A.C. Moore Arts & Crafts, Inc.**, a New Jersey corporation, **99 Cents Only Stores LLC**, a California company, **Dollar Tree Stores, Inc.**, a Virginia corporation, **Jo-Ann Stores, LLC**, an Ohio company, **Party City Holdings, Inc.**, a Delaware corporation, **Party City Corporation**, a Delaware corporation, **ZheJiang HongYe Co. Ltd.**, a China company, **Fuzhou Bomy Trading Co., Ltd.**, a China company, **Fuzhou Great Suns Co. Ltd.**, a China company, **Sunface Crafts Co. Ltd.**, a China company,<br><br>　　　　　　　Defendants. | Case No. 3:15-cv-00719-BAS-JLB<br><br>**PLAINIFFS' OPPOSITION TO DEFENDANT FUQING'S MOTIONS TO COMPEL ARBITRATION, TO DISMISS, AND TO DISQUALIFY COUNSEL**<br><br>(ECF Dkt. Nos. 84 and 89)<br><br>Date:  November 23, 2015<br>Ctrm:  4B<br><br>Honorable Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**Introduction and Factual Background**[1]

As Plaintiffs set forth in detail in their Complaint and First Amended Complaint, this case is about a local San Diego company—Plaintiff Crafty Productions, Inc. ("CPI")—who created many of the "crafty" products sold to American consumers in a successful segment of the crafts market. CPI essentially pioneered this particular segment of the market over a decade ago. For many years thereafter, CPI had its crafty creations manufactured in China, and CPI sold them to the large crafts retailers in the United States. Several years ago, however, in an effort to cut costs and increase profits on both ends, the manufacturers in China and the large U.S. retailers got together directly, diverting business away from CPI while continuing to manufacture and sell—*en masse*—CPI's many original, creative designs. Because CPI is a small company, it remained ignorant until its sales dropped so precipitously it has now become barely viable. In their move toward "going factory direct," as it is called, everyone intentionally ignored CPI's intellectual property rights, which is the wrong this action was brought to make right. *See generally* ECF No. 72 (First Amended Complaint).

Defendant Tony Zhu ("Zhu") is the President and sole "principal" of the first-named Defendant Fuqing Sanxing Crafts Co. Ltd. ("Fuqing") of China, which is one of the many "two-timing" manufacturers. In an effort to incent Fuqing and Zhu to cease the alleged infringement and begin to conduct their business with CPI with honesty and integrity, CPI and Fuqing entered into several agreements starting in 2012, and formed an LLC together in 2014. First, in June 2012, Zhu and others

---

[1] Plaintiffs recognize this Court's mandate, from Paragraph D of the Standing Order, that "[i]f multiple parties are moving for substantially the same relief or opposing a motion seeking substantially the same relief sought against them, and noticed for the same hearing date, counsel shall make every effort to coordinate and consolidate the briefing . . . ." Plaintiffs have attempted to consolidate their opposition papers addressing similar issues and/or responding to the motions from particular parties, which were filed without a reciprocal effort at consolidation.

signed a non-disclosure agreement concerning CPI's proprietary and/or confidential information. *See* ECF No. 72 at 9 ¶ 35, Ex. J (ECF No. 72-11).  Next, in connection with CPI's intent to find a buyer for the company, Zhu and others signed a second, more robust non-disclosure agreement on October 9, 2012.  *See* ECF No. 72 at 9 ¶ 38.  This agreement includes a prohibition on selling CPI's original designs and products to CPI's competitors, and mandates that any dispute be governed by California law and resolved in San Diego.  *See* ECF No. 72-13 at 7.  CPI's claims in this action include claims against Fuqing, Zhu and Faherty for breaches of these non-disclosure agreements.  *See* ECF No. 72 at 22-23.

Next, CPI and Fuqing formed Crafty Productions, LLC ("CPL"), with CPI as the majority owner and Paula Mello as the Manager.  *See* ECF No. 72-16.  The LLC's Operating Agreement forms no basis for any claim asserted in this action.  A separate Contribution Agreement dated February 11, 2014, however, required Fuqing to contribute $100,000 to CPL on or before December 1, 2014, and the agreement is governed by California law.  *See* ECF No. 72-15 at 5.  The agreed payment is now past due, and Fuqing is therefore in material breach of the Contribution Agreement, which claim is asserted by CPL in this action.  *See* ECF No. 72 at 22-23.  In a separate Consulting Agreement, also governed by California law, Fuqing agreed to pay CPI "a consulting fee of $100,000.00 . . . commencing on March 1, 2015, and on the 1st day of each year thereafter."  *See* ECF No. 72-17 at 3.  Because the March 1, 2015 payment is past due, Fuqing is now in material breach of the Consulting Agreement, which claim is asserted by CPI in this action.  *See* ECF No. 72 at 22-23.

Once it became clear to CPI and CPL that Fuqing and Zhu had no intention to cease their infringement or honor their agreements, Paula Mello (as President of CPI, and as Manager of CPL) hired the undersigned counsel and authorized the filing of the original Complaint in this action, on behalf of both Plaintiffs jointly, on

April 1, 2015.[2]  The next day, Fuqing filed its own suit against CPI, CPL, and Paula Mello in San Diego Superior Court, asserting claims concerning the same agreements and transactions.  *See* Lobbin Decl. ¶ 3; *see also* ECF No. 4 (Notice of Related Case).

### No Arbitration Of Any Asserted Claim Is Required

In its motion requesting arbitration, Fuqing's argument is based entirely on Article 14 of the March 1, 2014 Operating Agreement between Plaintiff CPL, Plaintiff CPI and Defendant Fuqing, which states: "Arbitration constitutes the sole and exclusive remedy for the settlement of any dispute or controversy ***concerning this Agreement*** or the rights of the parties under this Agreement . . . ."  ECF No. 72-16 at 14 (emphasis added).  Just a few lines down the same page, however, Article 15.5 requires, "All actions and proceedings arising in connection with this Agreement must be tried and litigated exclusively ***in the State and Federal courts located in the County of San Diego*** . . . ," so it is not clear whether and when arbitration is ever mandated.  *See id*. (emphasis added).  Nonetheless, as noted with emphasis, the arbitration provision could apply, by its express terms, only to a dispute concerning the Operating Agreement itself, not concerning any other agreement or contract or tort action or claim, etc.

In this action, Plaintiffs have asserted eight claims, none of which assert, invoke, or even require reference to the Operating Agreement.  As the First Claim, Plaintiff CPI asserts copyright infringement against each Defendant, which claim covers infringing acts committed within the limitations period under the Copyright Act, including back to 2012 and long before the March 2014 Operating Agreement even existed.  *See* ECF No. 72 at 16-17.  Plaintiff CPL is not a party to the First Claim, because even after the time CPL was formed, CPI specifically and explicitly retained "all of its rights to pursue IP infringement claims against third parties and

---

[2]  Both CPI and CPL gave their informed written consent to the joint representation, which Plaintiffs could produce to this Court *in camera*, if necessary.

such rights will not be transferred or contributed to [CPL]." *See* ECF No. 72-15 at 8 (Contribution Agreement). Therefore, obviously the asserted infringing acts by Fuqing and others occurring before March 1, 2014 remain outside any agreement, particularly the un-asserted Operating Agreement mentioning possible arbitration. As the Second and Third Claims, Plaintiff CPI asserts trade dress infringement under federal and state law against each Defendant, which claims again cover infringing acts committed within the limitations period, including long before the March 2014 Operating Agreement. *See* ECF No. 72 at 17-20. As the Fourth and Fifth Claims, Plaintiff CPI asserts intentional interference with prospective economic advantage, and unfair competition, under state law against each Defendant, which again covers acts committed long before the March 2014 Operating Agreement. *See* ECF No. 72 at 20-22.

As the Sixth Claim (which could have been pled as two or three separate claims), Plaintiff CPL asserts that Defendant Fuqing breached the Contribution Agreement, and Plaintiff CPI asserts that Defendant Fuqing breached the Consulting Agreement, stated as follows:

> 95. Fuqing has paid no royalties to CPL, in material breach of the Contribution Agreement.
>
> 96. Fuqing has failed to pay CPL the $100,000.00 due December 1, 2014, in material breach of the Contribution Agreement.
>
> 97. Fuqing has failed to pay CPI the $100,000.00 due March 1, 2015, in material breach of the Consulting Agreement.

ECF No. 72 at 22. As the Seventh Claim, Plaintiff CPI alleges that Defendants Zhu and Faherty breached their non-disclosure agreements with CPI. *See* ECF No. 72 at 23. As the Eighth Claim, Plaintiff CPI alleges that Defendants Fuqing, Zhu and Faherty committed fraud in their dealings with CPI. *See* ECF No. 72 at 24.

As this Court explained recently in the case of *Fagerstrom v. Amazon.com, Inc.*, 2015 WL 6393948, at *3 (S.D. Cal. Oct. 21, 2015) (Bashant, J.), "[T]he court's role under the FAA is limited to determining (1) whether a valid arbitration

agreement exists and, if so, (2) whether the scope of the agreement encompasses the dispute at issue." *Id.* (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  Here, the answer to the first question should be "no," because Article 14 of the Operating Agreement conflicts with Article 15.5, which requires, "All actions and proceedings arising in connection with this Agreement ***must be tried and litigated exclusively in the State and Federal courts*** located in the County of San Diego . . . ." *See* ECF No. 72-16 at 14 (emphasis added).  In the case of such a conflict between arbitration and litigation, some courts have appropriately declined to force arbitration.  *See, e.g, Applied Energetics, Inc. v. Newoak Capital Markets, LLC*, 645 F.3d 522, 525 (2d Cir. 2011).

More important is the second question, which also requires a "no" answer because no claim in this action depends in any way on the Operating Agreement.  Plaintiffs' First through Fifth and Eighth claims do not involve or invoke any agreements or contracts whatsoever.  The Sixth Claim invokes the separate Contribution Agreement between Plaintiffs and Defendant Fuqing, which confirms in Paragraph 3.6 that it "constitutes the entire agreement between the parties with respect to the transactions contemplated hereby and thereby," which means the provisions of the Operating Agreement have no governance over the Contribution Agreement.  *See* ECF No. 72-15 at 5.  The same is true for the Consulting Agreement between CPI and Fuqing (also asserted in the Sixth Claim), which states in Paragraph 8 that it "constitutes the complete understanding and cancels and supersedes any and all other or prior agreements and understandings, whether oral or written, between the parties . . . ." ECF No. 72-17 a 3.  The Seventh Claim asserts the 2012 non-disclosure agreements, which could not possibly be subject to a 2014 arbitration clause in an unrelated agreement.  Finally, even if the arbitration provision could apply to some small portion of this action, Fuqing indeed waived any right to force arbitration by filing suit in San Diego Superior Court, which forced CPI to expend resources and file a motion asking the Superior Court to stay

Case No. 3:15-cv-00719-BAS-JLB

the case in favor of this one in federal court.  *See, e.g., PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108-09 (2d Cir. 1997) (finding waiver where party engaged in discovery and filed substantive motions in related action).

### No Dismissal Of Claims Is Warranted

As its motion to dismiss, Defendant Fuqing presents a confusing argument that because "Plaintiff CPI and Defendant Fuqing are the only members of [the LLC] Plaintiff CPL," this means that "CPI is attempting to bring both direct and derivative actions against Defendants—which is not allowed under California law." ECF No. 89-2 at 4.  The central flaw with this argument for dismissal is that it relies on a mistaken premise, which is that "[p]ursuant to the Contribution Agreement, . . . the alleged injuries, such as copyright infringement, run to the LLC, not to Plaintiff CPI in its individual capacity."  *Id.* at 6.

But the Contribution Agreement dictates the exact opposite, specifically:

> Crafty Production, Inc. will reserve and maintain all of its rights to pursue IP infringement claims against third parties and such rights will not be transferred or contributed to Crafty Production LLC.

ECF No. 72-15 at 8.  This portion of the agreement is not unclear or ambiguous, and its import confirms that ***all claims in this action are CPI's direct claims***, not derivative, with the exception of one claim—that is, the Sixth Claim which includes a direct claim by Plaintiff CPL asserting that Defendant Fuqing breached the Contribution Agreement.  *See* ECF No. 72 at 22 (Paragraphs 95-96).  Moreover, the Contribution Agreement was entered only as of March 1, 2014, which means that only CPI (not CPL) could have any claim—for anything—before then.  Therefore, all claims in this action are direct (none are derivative), which defeats Fuqing's argument for dismissal.

### No Consideration Of Disqualification Applies

Motions to disqualify counsel "are strongly disfavored."  *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100 (N.D. Cal. 2003) (applying California law).

"A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity.  They are often tactically motivated; they tend to derail the efficient progress of litigation." *Id.* (citation omitted).  In fact, motions to disqualify counsel "often pose the very threat to the integrity of the judicial process that they purport to prevent." *Gregori v. Bank of Am.* (1989) 207 Cal. App. 3d 291, 300-01.  Where an attorney or party files a motion to disqualify counsel in order to delay the litigation or intimidate the adversary, the attorney and/or the party should be sanctioned. *Id.*

Fuqing's argument for disqualification fails because of the same flawed premise about "derivative" claims, of which there are none here.  Moreover, as Fuqing states its position, Plaintiffs' counsel should be disqualified because "California Rule of Professional Conduct 3.310(C)(3) prohibits the representation of two clients whose interests are adverse, without written informed consent." ECF No. 89-2 at 9-10.  The additional flaws of Fuqing's position include that (a) CPI and CPL have provided informed written consent,[3] and (b) CPI and CPL have no adverse interests.  As discussed above, Plaintiff CPL has asserted only two claims in this action; first, that "Fuqing has paid no royalties to CPL, in material breach of the Contribution Agreement," and second, that "Fuqing has failed to pay CPL the $100,000.00 due December 1, 2014, in material breach of the Contribution Agreement." ECF No. 72 at 22.  These claims present no possibility of any interest adverse to CPI, because as the majority member of CPL, CPI has the identical interest as CPL on these claims—that is, to ensure that minority member Fuqing lives up to its payment obligations to CPL.[4]

---

[3] As indicated previously herein, through their non-party principal Paula Mello, both CPI and CPL gave their informed written consent to the joint representation, which Plaintiffs could produce to this Court *in camera*, if necessary.

[4] Even if there was a plausible conflict issue to address, under Rule 3-600(E) of the California Rules of Professional Conduct, an attorney "representing an organization

## Conclusion

For each of the foregoing reasons, Plaintiffs respectfully submit that Fuqing's motions should all be denied.

Respectfully submitted,

Dated: November 9, 2015                **ONE LLP**

By:  /s/ Stephen M. Lobbin
Attorneys for Plaintiff **Crafty Productions, Inc.** and **Crafty Productions, LLC**

---

may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 3-310." And if the joint representation creates potential or actual conflicts of interest, an organization can consent to the joint representation through "an appropriate constituent of the organization other than the individual or constituent who is to be represented, or by the shareholder(s) or organization members." *Id.* Based on these rules, it is clear that a law firm may "simultaneously represent two adverse clients if full disclosure of the situation is made to both clients and both agree in writing to waive the conflict." *Visa U.S.A.*, 241 F. Supp. 2d at 1104. As discussed, both CPI and CPL already have given their informed written consent.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2015, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin