Allan E. Anderson (SBN 133672)
Lynn R. Fiorentino (SBN 226691)
ARENT FOX LLP
55 Second Street, 21st Floor
San Francisco, California 94105-3470
Telephone: 415.757.5500
Facsimile: 415.757.5501
anderson.allan@arentfox.com
lynn.fiorentino@arentfox.com

Benjamin E. Leace (*Pro Hac*) PABN 54281
Christopher H. Blaszkowski (*Pro Hac*) PABN 306650
RatnerPrestia
1235 Westlakes Drive
Suite 301
Berwyn, PA 19312
Phone: 610-407-0700
Beleace@ratnerpestia.com
Cblaszkowski@ratnerprestia.com

Attorneys for Defendants
A.C. Moore Arts & Crafts, Inc. and Sbar's, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Crafty Productions, Inc., a California corporation, and Crafty Productions, LLC, a California company,<br><br>Plaintiffs,<br><br>v.<br><br>Fuqing Sanxing Crafts Co. Ltd., a China company, Tony Zhu, an individual, Michelle Faherty d/b/a MRF Associates, an individual, The Michaels Companies, Inc., a Delaware corporation, Michaels Stores, Inc., a Delaware corporation, Plaid Enterprises, Inc., a Georgia corporation, Hobby Lobby Stores, Inc., an Oklahoma corporation, Sbars, Inc., a New Jersey | Case No. 3:15-cv-00719-BAS-JLB<br><br>DEFENDANTS A.C. MOORE ARTS & CRAFTS, INC. AND SBARS, INC.'S JOINT NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER<br><br>Hearing Date: June 30, 2016<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>Courtroom: 1B<br><br>Judge: Hon. Jill L. Burkhardt |

1

corporation, A.C. Moore Arts & Crafts, Inc., a New Jersey corporation, 99 Cents Only Stores LLC, a California company, Dollar Tree Stores, Inc., a Virginia corporation, Jo-Ann Stores, LLC, an Ohio company, Party City Holdings, Inc., a Delaware corporation, Party City Corporation, a Delaware corporation, ZheJiang HongYe Co. Ltd., a China company, Fuzhou Bomy Trading Co., Ltd., a China company, Fuzhou Great Suns Co. Ltd., a China company, Sunface Crafts Co. Ltd., a China company,

                    Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant A.C. Moore Arts & Crafts, Inc. and Sbar's, Inc. ("Defendants") respectfully submit this Memorandum in support of Defendants' Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  For the reasons that follow, Defendants seek an order pursuant to Fed. R. Civ. P. 26(c) staying discovery in the above-entitled action directed to Defendants until the Court determines whether Defendants are subject to personal jurisdiction and venue in this District.

## BACKGROUND

Crafty filed the Original Complaint ("Complaint") on April 1, 2015, in which Crafty accused a number of retailers and manufacturers of one or more of copyright infringement, trade dress infringement, breach of contract, and a variety of other commercial torts.  In essence, Crafty's lawsuit centers on allegations that Defendants Michelle Faherty, Fuqing Sanxing Crafts Co. Ltd., Fuzhou, and Tony Zhu conspired to create knock-offs of Crafty's

2

alleged "original designs" for retail by third parties who, according to Plaintiffs, include A.C. Moore and Sbar's (among others). While the Complaint names Defendants, Crafty did not attempt to serve Defendants until several months later. Crafty then filed a First Amended Complaint on September 11, 2015.

On October 23, 2015, Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. (*See* D.I. 103; D.I. 104.) In the motions to dismiss, Defendants argue that Crafty's claims should be dismissed because Defendants have not purchased, sold, offered to sell, distributed, shipped, or advertised any Accused Products in this District, let alone this State, in which Crafty commenced this action. Defendants provided declaration evidence from executives of A.C. Moore and Sbar's attesting to these facts. The sole evidentiary basis for Crafty's opposition is a declaration on behalf of its founder and president, Paula Mello, that Ms. Mello had purchased a gift card from A.C. Moore (D.I. 131, at Ex. 5) and downloaded a Vendor New Account application from the Sbar's website, without which Sbar's will not permit any online sales (D.I. 131, at Ex. 4).

On April 5, 2016, Crafty served an identical Request for Production of Documents ("the RFPs") on each Defendant. (Ex. A[1]) Defendants served timely objections to the RFPs on May 9, 2016. (Ex. B) Crafty has not responded to or otherwise addressed Defendants' objections.

---

[1] Unless otherwise stated, all exhibit citations refer to the exhibits attached to the Declaration of Christopher H. Blaszkowski ("Blaszkowski Decl.") filed concurrently herewith.

3

On May 26, 2016, counsel for Crafty and Defendants conferred telephonically regarding the pending RFPs. Defendants' counsel noted during this call that Crafty had not responded to Defendants' objections. (Blaszkowski Decl., at ¶ 2) Defendants' counsel also explained that Defendants do not maintain catalogs as requested in the RFPs. Defendants presently maintain approximately 42,000-50,000 craft items in inventory, and even identifying examples from such a volume of products would prove extremely burdensome. (*Id.*, at ¶ 3) Without addressing Defendants' objections in any meaningful fashion, Crafty's counsel stated that he would move to compel production. (*Id.*, at ¶ 5) Defendants' counsel asked that Crafty refrain from doing so until the motions to dismiss were decided or else Defendants would seek a protective order. (*Id.*, at ¶ 6) Crafty's counsel refused, necessitating the filing of this motion. (*Id.*, at ¶ 7)

## ARGUMENT

### I. THE COURT HAS SUBSTANTIAL AUTHORITY TO STAY DISCOVERY UNTIL THE RESOLUTION OF JURISDICTIONAL ISSUES

The Court has discretion to issue "an order to protect a party or person from . . . undue burden or expense," including an order "specifying terms, including time and place, for the disclosure or discovery[.]" FED. R. CIV. P. 26(c)(1)(B). An order staying discovery "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F. 2d 681, 685 (9th Cir. 1989).

The Ninth Circuit has repeatedly upheld discovery stays pending resolution of threshold challenges and has stated that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties

4

to undergo the expense of discovery." *See generally Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints ***without subjecting themselves to discovery***.") (emphasis added); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming stay of discovery during the pendency of a motion to dismiss). Staying discovery in a case that will likely be dismissed "furthers the goal of efficiency for the court and the litigants." *Little*, 863 F.2d at 685.

The same rationale for staying discovery applies where, as here, the defendant raises jurisdictional objections. *Orchid Biosciences, Inc. v. St. Louis Uni.*, 198 F.R.D. 670, 695 (S.D. Cal. 2001) (Granting protective order relating to merits-based discovery and explaining that "[w]hen a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit matters relevant to the court's jurisdiction."). The *Orchid* Court elaborated that

> Inasmuch as a dispositive motion is pending, the Court concludes that allowing discovery which extends beyond jurisdictional issues at this juncture would place a burden upon Defendant which far exceeds any benefit Plaintiff would derive. Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources. Should Defendant's motion be denied, however, Plaintiff will still have ample time and opportunity to conduct discovery on the merits.

*Id.*

Similarly, permitting Crafty to pursue merits-based discovery while the motions to dismiss are pending would not only place a significant burden on Defendants which would far outweigh any benefit Crafty would derive, it would waste the resources of both parties and the Court.

5

## II. STAYING DISCOVERY UNTIL THE RESOLUTION OF JURISDICTIONAL ISSUES IS WARRANTED AND WILL AVOID NEEDLESS EXPENDITURE OF RESOURCES BY THE PARTIES AND THE COURT

The case law in this and other circuits is clear that a stay of discovery is proper where:  1) a pending dispositive motion may obviate the need for discovery; and 2) no discovery is required to resolve that motion.  *See, e.g., Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003).  Defendants respectfully submit that both factors support staying further discovery pending the resolution of Defendants' motions to dismiss.

Stays of discovery are particularly appropriate where the avoidable expenditure of party resources will be substantial, as it clearly will be here.  Defendants' businesses almost exclusively concern the sale of craft products—A.C. Moore, Inc. as a brick and mortar retailer and Sbar's as a wholesaler. (Declaration of Adolph "Pepe" Piperno ("Piperno Decl."), at ¶ 3; Declaration of Phillip R. Brunozzi ("Brunozzi Decl."), at ¶¶ 3-5)[2]  As noted above, Defendants do not maintain "catalogs" (as requested in the RFPs) of the approximately 42,000-50,000 unique products sold by Defendants, 60-90% of which are "craft" products. (Piperno Decl., at ¶¶ 4-6; Brunozzi Decl., at ¶¶ 6-8)  Thus, Defendants will have to comb through voluminous databases to identify Plaintiffs' unspecified "craft" products.  Even when pressed for details regarding the relevant product universe, Crafty's counsel would only vaguely refer Defendants' counsel to the 161 pages of copyright

---

[2] As explained in the Brunozzi Decl., Defendant A.C. Moore Arts & Crafts, Inc. operates as a holding company and does not engage in any of the commercial activity alleged in Crafty's complaint.  For the purposes of this Motion, and without admitting that any commercial activity or

6

registrations attached to the Amended Complaint, and then added the requests also include any products that are similar to Crafty's unidentified as of yet "trade dress." (Blaszkowski Decl., at ¶ 4)

Beyond the RFPs presently at issue, the parties will soon (if not already) begin incurring significant expenses associated with engaging experts and conducting depositions as well as other discovery over the the next few weeks, despite the likelihood that this case will be resolved on jurisdictional grounds.

Respectfully, at a minimum, the Court should follow the well-established principle that discovery unrelated to the subject matter(s) of a motion to dismiss should not be permitted. The RFPs go to the merits of Crafty's case (i.e., which products will Crafty eventually assert infringes its alleged copyrights and/or trade dress) and are irrelevant to whether Defendants are subject to personal jurisdiction in California and venue in the Southern District of California. Similar to *Orchid Biosciences*, if Defendants were compelled to respond to the RFPs now, and the Court were to subsequently determine it could not exercise jurisdiction over Defendants consistent with due process, then the time, effort, and expense in identifying exemplary craft products responsive to Crafty's overly broad and ambiguous discovery requests would amount to nothing more than a sheer waste.

Further, where a claim of personal jurisdiction appears "both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude

---

liability of A.C. Moore, Inc. may be attributable to A.C. Moore Arts & Crafts, Inc., the relevant

that such discovery will be a fishing expedition." *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

Crafty's allegations and "evidence" regarding jurisdiction could serve as the text book example of an impermissible fishing expedition. Crafty twisted Ms. Mello's online purchase of a gift card from A.C. Moore into the demonstrably unsupported conclusion that Defendants "sell products to California customers" via their websites. (D.I. 129, at p. 3) However, the untargeted, online sale of a gift card (*which cannot even be used in California due to the complete absence of A.C. Moore stores in the state*) and a blank untargeted, online vendor application for Sbar's come nowhere near the quantum of evidence required to establish jurisdiction and venue. Defendants have no stores in California and no active websites selling the broad classes of products that Crafty alleges are infringing.

Put simply, the record contains no evidence that Defendants committed any intentional act expressly aimed at California that caused harm to Crafty in California, nor does it contain evidence that Defendants knew any harm whatsoever was likely to be suffered by Crafty in California. Defendants' evidence of record, including the previously submitted Declarations of Joseph Scappa and Phillip Brunozzi (D.I. 104-2; 103-2), confirms beyond any doubt that no basis exists to exercise jurisdiction over either Defendant.

---

aspects of A.C. Moore, Inc.'s business are described.

If Crafty had sufficient evidence of jurisdiction/venue, it would have submitted it to the court.  If Crafty believed evidence existed to support jurisdiction/venue, it would have served discovery relating to those issues.  Crafty, having done neither, has implicitly acknowledged that all relevant facts are on the table and no further discovery is necessary to decide Defendants' motions to dismiss.  Thus, if Defendants are correct that there is no jurisdiction/venue, this Court can save the parties (and itself) the considerable time and expense of an exceptionally burdensome discovery process.

## **CONCLUSION**

In view of the foregoing, Defendants respectfully request the Court to exercise its broad powers to control discovery by entering a protective order staying discovery and motions to compel against Defendants unless and until an order is entered resolving the pending motions to dismiss in Crafty's favor.  As demonstrated above, a protective order would obviate the risk of wasted resources, and would not interfere with the timely administration of this case.

Dated:  June 16, 2016				RatnerPrestia


						By: */s/ Benjamin E. Leace*
						     Benjamin E. Leace
						     Christopher H. Blaszkowski
						     1235 Westlakes Drive
						     Suite 301
						     Berwyn, PA 19312
						     Phone: 610-407-0700
						     Beleace@ratnerpestia.com
						     Cblaszkowski@ratnerprestia.com

						*Attorneys for Defendants A.C. Moore Arts & Crafts, Inc. and Sbar's, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Christopher H. Blaszkowski*
Christopher H. Blaszkowski
