**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAFTY PRODUCTIONS, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> FUQING SANXING CRAFTS CO. LTD., et al., <br><br> Defendants. | Case No. 15-cv-719-BAS-JLB <br><br> **ORDER:** <br> **(1) GRANTING IN PART PLAINTIFFS' PETITION TO CONFIRM ARBITRATION AWARD** <br> **(2) DENYING MOTION TO STAY EXECUTION OF ARBITRATION** <br><br> **[ECF Nos. 219, 222]** |

**I.    BACKGROUND**

Plaintiffs Crafty Productions, Inc. ("CPI") and Crafty Productions, LLC ("CPL") (collectively, "Crafty" or "Plaintiffs") commenced this action against numerous defendants arising from allegations of copyright infringement of CPI's original craft designs and products. On September 30, 2016, the Court granted Defendant Fuqing Sanxing Crafts Co. Ltd.'s ("Fuqing") motion to compel arbitration and stayed the action as to all parties and claims while Crafty and Fuqing proceeded to arbitration. (ECF No. 215.)[1] Accordingly, the Court tolled the period of time for

---

[1] The Court also previously granted various defendants' motions to dismiss, including dismissing the claims against Defendants The Michaels Companies, Inc. and Michaels Stores, Inc.

Crafty to amend its First Amended Complaint while the case was stayed. (ECF No. 215 at 9.)

On July 31, 2018, after being informed of the completion of arbitration, the Court lifted the stay in this matter. (ECF No. 218.) The Court set a deadline for Plaintiffs to file a petition to confirm the arbitration award. Plaintiffs filed a Petition to Confirm Arbitration Award, ("Pl. Petition," ECF No. 219.) In response, Defendant Fuqing filed a Motion to Stay Execution of Arbitration. ("Def. Mot.," ECF No. 222.)[2] Plaintiffs filed a reply in support of their Petition, ("Reply," ECF No. 226.)

## II. ANALYSIS

Plaintiffs provide that the parties have engaged in a full arbitration and the arbitrator awarded $550,000 to Plaintiffs. (*See* ECF No. 217-1 ("Arbitration Award").[3] Plaintiffs request the Court confirm the arbitration award and also award Plaintiffs arbitration costs. (Petition 3 n.3, 5.) In response, Defendant Fuqing moves to stay execution of the arbitration award pending resolution of Plaintiffs' claims against the remaining Defendants or, in the alternative, leave to amend its counterclaim. (Def. Mot. 4.)

### A. **Requirements for Confirmation of the Award**

Plaintiffs request the Court confirm the arbitration award. "[I]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the

---

(collectively, "Michaels") with leave to amend (ECF No. 214) and dismissing without prejudice the claims against Defendants Tony Zhu, Michelle Faherty d/b/a MRF Associates, Inc., A.C. Moore Arts & Crafts, Inc., and Sbar's, Inc. for lack of personal jurisdiction (ECF No. 85, 88, 103, 104, 213). The Court also dismissed Defendants 99 Cents Only and Dollar Tree (ECF Nos. 91, 149).
 Plaintiffs have filed a motion for reconsideration regarding the Court's dismissal of their copyright infringement claim against Defendants Michaels and Hobby Lobby. (ECF No. 220.) The Court will address the motion in a separate order.
[2] Defendant also filed a separate opposition to Plaintiffs' Petition. (ECF No. 221.) Because the opposition is identical to the Motion to Stay, the Court will refer only to the Motion to Stay.
[3] The Court takes judicial notice of and considers this award. Judicial notice may be taken of orders and decisions taken by other courts and administrative agencies. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995) (overruled on other grounds).

award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and . . . the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Here, the parties' arbitration agreement provides that any court of competent jurisdiction may enter judgment. (ECF No. 84-12 art. 14.) This language confirms to this Court that the parties contemplated judicial enforcement. *Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) ("[C]ourts must undertake enforcement of arbitration awards 'so long as the parties *contemplated* judicial enforcement.'") (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 n.6 (2008)). Although the parties' agreement does not specify a particular court in which a judgment on the award may be entered, Plaintiffs have properly sought a judgment in this Court because the award was made in San Diego, California. *See* 9 U.S.C. § 9. Plaintiffs' Petition is also timely filed within the one-year requirement under Section 9 because Plaintiffs filed the Petition a few months after the award was issued. Therefore, the requirements are met.

### B. Proprietary of Confirming the Award

Once a court is satisfied that the petition to confirm an arbitration award is timely and properly supported, the court's ultimate review of the petition is "both limited and highly deferential." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). Confirmation of an arbitration award typically "is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1984)). This limited and summary review aims to honor the parties' contractual choices and further the FAA's "national policy favoring arbitration and plac[ing] arbitration agreements on equal footing with all

other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see also Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984) ("Where the parties have agreed to arbitration, the court will not review the merits of the dispute.").

Here, Fuqing does not make any challenges to the arbitration award and does not request the Court alter the award in any way. Its request to stay execution of the award is based on the arbitrator's award regarding the ownership of one of Plaintiffs' entities, CLLC. Before arbitration, Fuqing owned a 33% interest in Plaintiff CLLC. The arbitrator determined that Fuqing lost 20% of its ownership interest by failing to make a payment of $100,000 under the parties' Contribution Agreement. (Arbitration Award 5.) As of now, Fuqing retains a 26.4% interest in CLLC. (*Id.*) CINC has transferred to CLLC all of its assets and liabilities. (*Id.* (citing the parties' Contribution Agreement).) For this reason, Fuqing argues "a portion of any recovery by Plaintiffs from the remaining Defendants in this case belongs to CLLC" and therefore some of the proceeds will need to be distributed to Fuqing. (Def. Mot. 7.) Fuqing therefore requests the Court stay execution of the arbitration award so that Fuqing may "offset any recovery due to it" at the time of distribution of the future proceeds. (*Id.* at 8.)

The Court disagrees with Fuqing. It is not necessary to stay execution of the current arbitration award so that any future awards can be appropriately pro-rated. The Court trusts the parties can properly allocate any future funds when and if the time comes. Fuqing predicts Plaintiffs will prevent it from obtaining its lawful share of any damages in this case. This speculation is insufficient for the Court to stay the lawful share of funds to which Plaintiffs are entitled per the arbitration award. Accordingly, the Court **DENIES** Fuqing's Motion to Stay. (ECF No. 222.) In the alternative, Fuqing "requests leave to amend its counterclaim to seek judicial dissolution of CLLC pursuant to Cal. Corp. Code § 17707.03." (*Id.* at 10.) But, Fuqing specifies this request is only "[i]f the parties are unable to come to a

resolution" in distributing the amount Fuqing owes under the arbitration award and any recovered damages in this case. (*Id.*) Fuqing provides no support for its request to amend its counterclaim, and the request appears to be speculative, only needed "if" the parties cannot resolve any distribution issues. The Court therefore **DENIES** this request without prejudice.

In sum, given there is no cognizable challenge to the award, the Court **CONFIRMS** the arbitration award. The Court now turns to Plaintiffs' request for costs.

### C. Plaintiffs' Request for Costs

Plaintiffs request the Court award them $44,457.10 in arbitration costs. (Pl. Petition 5.) In a footnote describing the requested costs, Plaintiffs confusingly request three awards: (1) the arbitration costs, (2) "Crafty's fees and costs for this petition and all further proceedings required to secure a judgment against Fuqing"; and (3) "Crafty's fees and costs incurred in further post-judgment proceedings against Fuqing, including for interest (as awarded), contempt, perjury, and sanctions for failure to comply with the final judgment." (*Id.* at 3 n.3.) The first request is specified to be for $44,457.10. The second two requests are unclear and without support; the Court declines to analyze these vague requests here.

In the arbitration award, the arbitrator analyzed remedies such as costs and attorneys fees, noting the parties' arbitration agreement provides "[t]he costs of arbitration, including administrative fees, fees for a record and transcript, and the arbitrator's fees, as well as reasonable attorney's fees will be awarded to the party determined by the arbitrator to be the prevailing party." (Arbitration Award 15; *see* ECF No. 84-12.) The arbitrator analyzed the Copyright Act which provides, "the court in its discretion may allow the recovery of full costs by or against any party." (Arbitration Award 15 (quoting 17 U.S.C. § 505).) The arbitrator then cited the holding of *Parfums Givenchy v. CC Beauty Sales*, 832 F. Supp.1378, 1393 (C.D. Cal. 1993) which stated a copyright holder is barred from recovery statutory damages or

attorney's fees "if two conditions are met: (1) the copyright was registered more than three months after the work was first published, and (2) the infringing activity commenced after the date of first publication and before the effective date of registration of the work." (*Id.*) The arbitrator concluded he "does not recall any evidence that the infringed products were timely registered so as to enable an award of attorney's fees and costs under this statute." (*Id.*) The arbitrator noted each party had requested attorney's fees and Plaintiffs also had requested reimbursement for costs. The arbitrator awarded Plaintiffs attorneys' fees in the amount of $100,000, finding Plaintiffs to be "the overall prevailing party." (Arbitration Award 17.) Without more explanation, the arbitrator did not award any costs. As noted above, this Court's review of an arbitration award is "both limited and highly deferential." *Coutee*, 336 F.3d at 1132. Plaintiffs do not specifically request the Court alter the arbitration award in awarding costs, but in essence they are asking the Court to do just that. As part of its limited review and confirmation, the Court is not persuaded that sufficient evidence has been presented to warrant overturning the arbitrator's refusal to award costs. The Court **DENIES** Plaintiffs' request for arbitration costs.

### III. CONCLUSION

For the foregoing reasons, the Court **CONFIRMS** the arbitration award but **DENIES** Plaintiffs' request for costs, (ECF No. 219). The Court **DENIES** Defendant Fuqing's Motion to Stay Execution of the Arbitration Award, (ECF No. 222).

**IT IS SO ORDERED.**

**DATED: September 13, 2018**

Hon. Cynthia Bashant
United States District Judge