# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAFTY PRODUCTIONS, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> FUQING SANXING CRAFTS CO. LTD., et al., <br><br> Defendants. | Case No. 15-cv-719-BAS-JLB <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> **[ECF No. 220]** |

## I. BACKGROUND

Plaintiffs Crafty Productions, Inc. ("CPI") and Crafty Productions, LLC ("CPL") (collectively "Plaintiffs") commenced this action against numerous defendants alleging, inter alia, copyright infringement of CPI's original craft designs and products. Defendants The Michaels Companies, Inc. and Michaels Stores, Inc. (collectively, "Michaels"), and Hobby Lobby Stores, Inc. ("Hobby Lobby") moved to dismiss the complaint. (ECF No. 90.) Defendants argued Plaintiffs' copyright claims were barred because the owner of the copyrights did not file for or obtain registration of the alleged works. The Court agreed and granted the motion to dismiss Plaintiffs' copyright infringement claims. ("Prior Order," ECF No. 214.) In making this determination, the Court analyzed the Contribution Agreement that had been

entered into by CPI, CPL, and Defendant Fuqing Sanxing Crafts Co. Ltd. ("Fuqing") in March 2014. (*See* ECF No. 72-15.) By operation of the Agreement, CPI contributed "[a]ll assets and liabilities" to CPL, but CPI "reserve[d] and maintain[ed] all of its rights to pursue IP infringement claims against third parties and such rights will not be transferred or contributed to [CPL]." (Prior Order 8 (citation omitted).) The Court found that the unambiguous language in the Contribution Agreement indicates CPL is the owner of Plaintiffs' asserted copyrights. (*Id.* at 9.) And because there is no evidence CPL registered any of the copyrights, Plaintiffs' claim for copyright infringement is barred. (*Id.* at 10.)

Plaintiffs have moved for reconsideration of the Court's dismissal of the copyright infringement claims. ("Mot.," ECF No. 220.)[1] Various Defendants have opposed the motion: (1) Party City Holdings, Inc. and Party City Corporation (ECF No. 224);[2] (2) Fuqing (ECF No. 225); and (3) Michaels (ECF No. 227). Plaintiffs filed a reply in support of their motion. ("Reply," ECF No. 229.)

As further background, before the present Motion was filed, the Court granted Fuqing's motion to compel arbitration and stayed the action as to all Parties and claims while Plaintiffs and Fuqing proceeded to arbitration. (ECF No. 215.) Two orders by the arbitrator are relevant to Plaintiffs here: first, the arbitrator's ruling on Fuqing's motion to dismiss, (ECF No. 220-1), and second, the arbitration award where the arbitrator awarded Plaintiffs $550,000, (Arbitration Award," ECF No. 217-1).[3] Part of Plaintiffs' Motion for Reconsideration is based on the arbitrator's findings and language used in the arbitration orders.

---

[1] The Court notes the Motion was filed much later than twenty-eight days after the Court's ruling. *See* Civ. L. R. 7.1(i)(2). Due to the procedural posture of the case, the Court granted Plaintiffs leave to file a motion for reconsideration no later than August 27, 2018. (ECF No. 218.) Plaintiffs did so and therefore the Motion is timely.

[2] The Party City Defendants also move for clarification as to whether the Court's prior order applies to them, because they had joined Michaels' and Hobby Lobby's motion to dismiss. (*See* ECF No. 92.) The Court will address the Party City Defendants' request for clarification at the conclusion of the Order.

[3] This Court has affirmed the arbitration award. (ECF No. 228.)

## II. LEGAL STANDARD

District courts have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the district court "is presented with newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## III. ANALYSIS

Plaintiffs do not specify under which of the three prongs they seek reconsideration, but in their Motion they refer to the arbitrator's orders as well as errors they allege the Court committed. They also attach to their Reply a declaration of Paula Mello, the founder and owner of CPI, wherein she discusses a document entitled "Agreement." (ECF Nos. 229-1.) The Agreement is attached to Ms. Mello's declaration but has never before been produced to this Court. (ECF No. 229-2.) Defendant Fuqing objects to the Agreement. (ECF No. 230.)

### A. <u>The Agreement</u>

The Agreement is dated March 13, 2015 and is signed by the President of CPI, Paula Mello, and the President of CPL, also Paula Mello. (ECF No. 229-2, at 2.) The Agreement is not signed by Defendant Fuqing. The purpose of the Agreement is to "clarify" the Contribution Agreement which CPI, CPL, and Fuqing entered into on March 1, 2014. (*Id.*) The Agreement provides "CPI did not intend that the Contribution Agreement effectuate any transfer of ownership to any of CPI's

copyrights under the requirements of 17 U.S.C. § 204." (*Id.*)

Although dated March 2015, this Agreement was not produced to the Court until September 2018. The Court agrees with Fuqing that the production of the Agreement at this time is questionable. Defendants moved to dismiss Plaintiffs' copyright claims in September 2015, (ECF No. 90), and Plaintiffs responded in November 2015, (ECF No. 127). Plaintiffs did not produce the Agreement or mention it in their opposition. The Court granted Defendants' motion to dismiss in September 2016, (ECF No. 214), and Plaintiffs moved for reconsideration in August 2018, (ECF No. 220). The Agreement was not even produced as a part of Plaintiffs' Motion for Reconsideration, and was not produced until Plaintiffs filed their Reply. Plaintiffs state that the Agreement was "not shown previously" in this action and therefore assert it is a proper basis for their Motion for Reconsideration. (Reply 3 n.1 (citing Civ. L. R. 7.1(i)(1)).)

The party moving for reconsideration based on allegations of newly-discovered evidence bears the burden of demonstrating that the evidence: "(1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. Mar. 13, 2001) (citations omitted). For purposes of a motion for reconsideration, evidence is not "new" if it was in the moving party's possession or could have been discovered prior to the court's ruling. *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987); *see Westlands*, 134 F. Supp. 2d at 1130. Further, it is well established that "the failure to file documents in an original motion or opposition does not turn the late filed documents in 'newly discovered evidence.'" *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263)).

Ms. Mello attests, "[b]ecause this action has been pending for so long, I and my counsel were remiss in not attaching [the Agreement] to my original declaration."

(ECF No. 229-1, ¶ 3.) There is no further explanation as to why the Agreement is being produced for the first time as an attachment to Plaintiffs' Reply.[4] *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (no abuse of discretion in declining to consider an argument "raised for the first time on reconsideration without a good excuse"); *Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court."). Plaintiffs have not met their burden in establishing the Agreement is newly discovered evidence and therefore the Court declines to consider it. The Court **SUSTAINS** Defendant's objection to the Agreement. (ECF No. 230.)

### B. Allegations of Clear Error

The Court now evaluates Plaintiffs' allegation that the Court erred as evidenced by the arbitrator's findings. (Mot. 3.) In the arbitration award, the arbitrator first looked at the Parties' Contribution Agreement, noting CPI transferred to CPL all of its assets and liabilities but retained the "its rights to pursue IP infringement claims *against third parties*" and therefore these rights were not transferred to CPL. (Arbitration Award 12.) The Agreement "extinguished any potential claim [Plaintiffs] might have against Fuqing for infringement before the date of the Agreement and all such claims would be wrapped up in the licensing agreement." (*Id.* at 12–13.) CPI has the right to prosecute IP claims against third parties, not against Fuqing. (*Id.* at 13.)

Plaintiffs argue this finding warrants the Court's reconsideration of its prior order.[5] Plaintiffs urge the Court to conclude "the Contribution Agreement may be read reasonably to support CPI's allegations; that is, that CPI maintained ownership

---

[4] Further, not only did Plaintiffs fail to produce the Agreement to the Court before filing the Reply, but Fuqing states Plaintiffs also never produced the Agreement during discovery. (ECF No. 230, ¶ 2.) There appears to be no reason why Plaintiffs did not produce this document to Fuqing.

[5] Plaintiffs also point to the arbitrator's order on Fuqing's motion to dismiss. There, the arbitrator found the claim of copyright infringement belongs exclusively to CPI. (ECF No. 220-1, at 6.)

of its copyrights as a necessary predicate to maintaining 'all of its rights to pursue IP infringement claims against third parties.'" (Mot. 4.) The arbitrator did not analyze the validity of the reservation of rights in the Contribution Agreement or the ownership of the copyrights, but only found that CPI had the right to prosecute claims against third parties, but not against Fuqing. (*See* Arbitration Award 12–13.) In contrast, the issue in the Court's prior order was: under the plain language of the Contribution Agreement, who is the owner of the copyrights?

Indeed, it is strange that CPI and CPL entered into the agreement reserving for CPI the right to sue for IP infringement, when it is clear that, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the legal or beneficial owner of an exclusive right under a copyright." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (internal quotation and citation omitted); *see also* 17 U.S.C. § 501(b) (same). CPI transferred "all assets and liabilities" to CPL, a transfer which naturally encompasses the asset of intellectual property, so it is unclear why CPI would presume it could simply reserve the right to sue for infringement of that intellectual property. *See Silvers*, 402 F.3d at 890 (holding the assignment of the bare right to sue for infringement is impermissible and does not confer standing to sue). Despite Plaintiffs' confusing and potentially invalid reservation of rights, it is clear from the language of the Contribution Agreement that CPL is the owner of the copyrights. There is no evidence CPL registered any copyrights at issue in this action. Therefore, the claim for copyright infringement is barred. (Prior Order 10 (citing 17 U.S.C. §§ 205(a), 501(b); *Silvers*, 402 F.3d at 884).) The Court finds no basis to reconsider its prior order.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration, (ECF No. 220.) Further, the Court **CLARIFIES** that the Court's prior order, (ECF No. 214), applies to the Party City Defendants. These Defendants joined Michaels' motion to dismiss, (ECF No. 90). The Court's findings in its prior

order were not specific to Michaels and therefore and the order applies in equal force to the Party City Defendants.

If Plaintiffs choose to file an amended complaint, they must do so <u>within twenty-one (21) days</u> of this Order. As stated in the Court's previous Order, if Plaintiffs choose to amend their complaint, in doing so they should keep in mind that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In other words, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Any amendment must also include a version of the amended complaint that shows—through redlining, underlining, strikeouts, or other similarly effective typographical methods—how it differs from the operative FAC. *See* Civ. L. R. 15.1(b)(2).

**IT IS SO ORDERED.**

DATED: November 7, 2018

Hon. Cynthia Bashant
United States District Judge